Joseph Davis **FARRAR** et al.,
Plaintiffs-Appellants,

v.

Clarence D. **CAIN** et al.,
Defendants-Appellees.

No. 79–1541.

United States Court of Appeals,
Fifth Circuit.

Feb. 23, 1981.

Waggoner Carr, Austin, Tex., for plaintiffs-appellants.

Lonny F. Zwiener, Asst. Atty. Gen., Austin, Tex., Gilbert L. Low, Beaumont, Tex., Zbranek & Hight, J. C. Zbranek, Liberty, Tex., Barbara C. Marquardt, Asst. Atty. Gen., Austin, Tex., for defendants-appellees.

Before RUBIN, HENDERSON and REAVLEY, Circuit Judges.

PER CURIAM:

Joseph Davis Farrar and Dale Lawson Farrar filed this action in the United States District Court for the Southern District of Texas for damages pursuant to the provisions of 42 U.S.C.A. § 1983 alleging deprivation of their due process rights by certain Texas government officials and employees. The district court, without articulating its reasons, granted the defendants' motions for summary judgment, and the Farrars appeal.

Although findings of fact and conclusions of law are not required for the entry of summary judgment, we find that the complexity of the facts and the length of the record in the instant case preclude effective review absent the benefit of the district court's reasoning. Hence, we remand the case for written findings of fact and conclusions of law. *See Granite Auto Leasing Corp. v. Carter Manufacturing Co.*, 546 F.2d 654 (5th Cir. 1977); *Moseley v. Ogden Marine, Inc.*, 480 F.2d 1226 (5th Cir. 1973).

It appears most likely that the grant of summary judgment was predicated on one or more of the theories of immunity advanced by the defendants. If such is the case, the district court may need to reconsider its decision in light of the Supreme Court's recent opinion in *Dennis v. Sparks*, —— U.S. ——, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980), *aff'g Sparks v. Duval County Ranch Co., Inc.*, 604 F.2d 976 (5th Cir. 1979) (en banc). The court may again conclude that summary judgment is proper; if so, written findings of fact and conclusions of law will greatly facilitate appellate review.

VACATED and REMANDED.