United States Court of Appeals,

Fifth Circuit.

No. 94-50686

Summary Calendar.

Alice TAMEZ, Individually and as Guardian and Parent of Joseph Tamez, Felix Tamez, Jr., and Debbie Tamez, Plaintiffs-Appellees,

v.

CITY OF SAN MARCOS, TEXAS, and Daniel Misiaszek, Defendants-Appellants.

Aug. 24, 1995.

Appeals from the United States District Court for the Western District of Texas.

Before SMITH, EMILIO M. GARZA and PARKER, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Felix Tamez brought suit under 42 U.S.C. § 1983 (1988) against the City of San Marcos, Texas (the "City") and Daniel Misiaszek, a San Marcos police officer, claiming that in investigating a "shots fired" call, Misiaszek illegally entered Tamez' home and used excessive force against him. Tamez also brought supplemental state claims of negligence, civil assault and battery, and intentional and negligent infliction of emotional distress. A magistrate judge denied Misiaszek and the City's motion for summary judgment based on qualified and official immunity, and Misiaszek and the City filed an interlocutory appeal. We dismiss for lack of jurisdiction.

I

San Marcos police officer Daniel Misiaszek responded to a complaint that shots had been fired in the back yard of Felix Tamez' home. After searching the back yard, Misiaszek walked around to the front porch. According to Tamez, Misiaszek proceeded to enter the house and shoot him. Tamez filed suit in state court against Misiaszek and the City, and Misiaszek and the City removed the suit to federal court. Tamez died, and a magistrate judge substituted members of Tamez' family as plaintiffs. The Tamezes moved for partial summary judgment, and the City and Misiaszek filed a cross-motion to dismiss or for summary judgment on the grounds that (1) Misiaszek is entitled to qualified immunity, and (2) the City is entitled to official immunity from suit under the Texas Tort

Claims Act, Tex.Civ.Prac. & Rem.Code Ann. §§ 1.001-09 (West 1986 & Supp.1995). The magistrate judge determined that neither party was entitled to summary judgment because disputed issues of material fact remained as to all claims. Misiaszek and the City filed an interlocutory appeal of the denial of their motion for summary judgment based on qualified and official immunity.

II

Before deciding whether the magistrate judge properly denied summary judgment on this issue, we examine the basis for our jurisdiction. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987) ("This Court must examine the basis of its jurisdiction, on its own motion, if necessary."). Generally, this Court does not have jurisdiction over interlocutory appeals of the denial of motions for summary judgment because such pretrial orders are not "final decisions" for the purposes of 28 U.S.C. § 1291 (1988). *See Sorey v. Kellett,* 849 F.2d 960, 961 (5th Cir.1988) ("Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction over "final decisions' of the district courts. Ordinarily, this section precludes review of a district court's pretrial orders until appeal from the final judgment."). However, in *Mitchell v. Forsyth,* 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985), the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable "final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." *Id.* at 530, 105 S.Ct. at 2817; *see also Hale v. Townley,* 45 F.3d 914, 918 (5th Cir.1995) ("An appellate court has jurisdiction to review an interlocutory denial of qualified immunity only to the extent that it "turns on an issue of law.' " (quoting *Mitchell,* 472 U.S. at 530, 105 S.Ct. at 2817)). In *Johnson v. Jones,* --- U.S. ----, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995), the Supreme Court clarified the "to the extent that it turns on an issue of law" language in *Mitchell.* The Court in *Johnson* held that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a "genuine' issue of fact for trial." *Id.* at ----, 115 S.Ct. at 2159; *accord Hale,* 45 F.3d at 918; *Boulos v. Wilson,* 834 F.2d 504, 509 (5th Cir.1987). The magistrate judge in the present case found "that genuine issues of material fact exist[ed] which preclude[d] summary judgment in whole or in part for any party." Consequently, under *Johnson* and

*Hale,* we lack jurisdiction over Misiaszek's interlocutory appeal of the magistrate judge's denial of his motion for summary judgment on the Tamezes' § 1983 claim based on qualified immunity.

We similarly lack jurisdiction over Misiaszek and the City's appeal of the magistrate judge's denial of their motion for summary judgment on the Tamezes' state-law claims based on official immunity under the Texas Tort Claims Act. "Appealability under 28 U.S.C. § 1291 ... is clearly a matter of federal law; state procedural law is not directly controlling." *Sorey,* 849 F.2d at 962; *accord Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 108 S.Ct. 1717, 100 L.Ed.2d 178 (1988). We look to state procedural rules "for what they reveal about the state's view on the substantive issue of whether qualified immunity is an immunity from suit or merely a defense to liability," *Sorey,* 849 F.2d at 962, because the denial of summary judgment based on a mere defense to liability is not a final decision for the purposes of § 1291, *cf. Mitchell,* 472 U.S. at 530, 105 S.Ct. at 2817 (holding that district court's denial of summary judgment based on *qualified immunity* is sometimes appealable "final decision' within meaning of § 1291, which otherwise precludes review of pretrial orders). The distinction is immaterial to the present claim, however, because the magistrate judge held that genuine issues of material fact precluded his granting Misiaszek and the City's motion for summary judgment on the Tamezes' state-law claims. If official immunity under the Texas Tort Claims Act is immunity from suit, Misiaszek and the City's interlocutory appeal of the denial of that motion is barred by *Johnson* and *Hale* for the same reason that their appeal of the denial of their motion for summary judgment on the Tamezes' § 1983 claim is barred by *Johnson* and *Hale. See Johnson,* --- U.S. at ----, 115 S.Ct. at 2159 (holding that defendant may not appeal district court's denial of summary judgment based on qualified immunity if district court determines that the pretrial record sets forth a genuine issue of fact for trial). If, on the other hand, official immunity under the Texas Tort Claims Act is no more than immunity from liability, then the magistrate judge's denial of the motion is not a final decision for the purposes of § 1291. In either case, we lack jurisdiction over Misiaszek and the City's appeal of the magistrate judge's denial of the motion for summary judgment on the Tamezes' state-law claims.

III

For the foregoing reasons, we DISMISS Misiaszek and the City's appeal of the magistrate judge's denial of their motion for summary judgment.