Bruce S. Rogow, Beverly A. Pohl, Ft. Lauderdale, FL, for appellees.

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before BLACK, Circuit Judge, DYER, Senior Circuit Judge, and ALAIMO *, Senior District Judge.

* Honorable Anthony A. Alaimo, Senior U.S. District Judge for the Southern District of Georgia,

PER CURIAM:

On June 21, 1995, the Supreme Court reversed this panel's opinion in *McHenry v. Florida Bar*, 21 F.3d 1038 (11th Cir.1994). *See Florida Bar v. Went For It, Inc.,* —— U.S. ——, 115 S.Ct. 2371, 132 L.Ed.2d 541. (1995). Pursuant to the Supreme Court's opinion, we now reverse the district court's grant of summary judgment for the plaintiff, *McHenry v. Florida Bar,* 808 F.Supp. 1543 (M.D.Fla.1992), and remand the case to the district court for further proceedings not inconsistent with the Supreme Court's opinion.

REVERSED and REMANDED.

Terry A. BABB, William Donald Holt, William Jacobs, Plaintiffs,

W. Michael Wright, Plaintiff–Appellee–Cross–Appellant,

United Faculty of Florida, Robert K. Sundman, Intervenor–Plaintiffs,

v.

LAKE CITY COMMUNITY COLLEGE, Jean Dowling, in her individual capacity as Former Member of the District Board of Trustees of Lake City Community College; Luther Harrell, individually and in his official capacity as Member of the District Board of Trustees of Lake City Community College; Thomas Riherd, in his individual capacity as Former Member of the District Board of Trustees of Lake City Community College; Norman Stephenson, individually and in his official capacity as Member of the District Board of Trustees of Lake City Community College; Thomas Varnes, individually and in his official capacity as Member of the District Board of Trustees of Lake City Community College; Louis Williams, individually and in his official capacity as Member of the District Board of Trustees of

sitting by designation.

Lake City Community College; Karen Belcher Masingil, Associate Vice President of Business Services of Lake City Community College, individually and in her official capacity; Homer Masingil, Vice President of Business Services of Lake City Community College, individually and in his official capacity; Carolyn Boyd, former Director of Personnel of Lake City Community College individually; Dave Pelham, Division Chairperson Arts and Science of Lake City Community College; individually and in his official capacity; Sandra G. Fisher, Division Chairperson, Business/Industrial Education of Lake City Community College, individually and in her official capacity; William R. Thrift, Division Chairperson of Criminal Justice of Lake City Community College; individually and in his official capacity; Muriel Kay Heimer, Dr., President of Lake City Community College, individually and in her official capacity; Eugene Street, Dr., Former Vice President for Instruction of Lake City Community College, individually; Dennis King, Dr., Vice President for Student Support Services of Lake City Community College, individually and in his official capacity; David Richards, Dr., Former Division Chairperson Liberal Arts of Lake City Community College; individually; Don Bennink, individually and in his official capacity as Member of the District Board of Trustees of Lake City Community College, Defendants–Intervenor–Defendants–Appellants–Cross–Appellees,

District Board of Trustees of Lake City Community College, FL, Veda Dobson, Frank Gafford, Walter Skinner, in their official capacity as Members of the District Board of Trustees of Lake City Community College, Defendants–Appellants–Cross–Appellees.

No. 94–2841.

United States Court of Appeals,
Eleventh Circuit.

Oct. 5, 1995.

George N. Meros, Jr., Mary W. Chaisson, Rumberger, Kirk & Caldwell, Tallahassee, FL, Michael Mattimore, Hogg, Allen, Norton & Blue, Tallahassee, FL, for Lake City Community College.

Wm. J. Sheppard, D. Gray Thomas, Sheppard and White, Jacksonville, FL, for W. Michael Wright.

Before KRAVITCH, Circuit Judge, HILL, Senior Circuit Judge, and ALAIMO *, Senior District Judge.

PER CURIAM:

■ This is an appeal of the denial of defendants' motion for summary judgment on the grounds of qualified immunity. We exercise jurisdiction over such interlocutory appeals under the authority of *Mitchell v. Forsyth*, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). Under *Mitchell*, a district court's denial of a defendant's motion for summary judgment is immediately appealable if (1) the defendant is a public official asserting a qualified immunity defense, and (2) the issue appealed is whether the facts show a violation of "clearly established" law. *Id.* at 528, 105 S.Ct. at 2816.

■ Recently, however, the United States Supreme Court has made clear that only issues of law are reviewable under *Mitchell*. *Johnson v. Jones*, — U.S. —, —, 115 S.Ct. 2151, 2156, 132 L.Ed.2d 238 (1995). A district court's summary judgment order on qualified immunity which determines only a question of "evidence sufficiency" regarding plaintiff's claim is not appealable. *Id.* The claim of immunity must be "conceptually distinct" from the merits of the plaintiff's claim; and the interlocutory appeal from its denial must be limited to the issue of whether the undisputed facts show a violation of "clearly established" law. *Id.*

■ Where, as in this case, a district court finds that there exists a genuine issue of material fact regarding the conduct claimed to violate clearly established law, there is no "final decision" and no interlocutory appellate jurisdiction under *Mitchell* to review the denial. *Id.* An order determining the existence or non-existence of a triable issue of fact—the sufficiency of the evidence—is not immediately appealable. *Id.* at — —, 115 S.Ct. at 2157-58. We, therefore, grant the plaintiff's motion to dismiss defendants' interlocutory appeal.

■ We dismiss appellee's cross-appeal because this court lacks pendent party appellate jurisdiction. *Swint v. Chambers County Comm'n*, — U.S. —, — —, 115 S.Ct. 1203, 1211-12, 131 L.Ed.2d 60 (1995).

The appeal and cross-appeal are DISMISSED for lack of jurisdiction.