66 F.3d 270
 103 Ed. Law Rep. 614
 Terry A. BABB, William Donald Holt, William Jacobs, Plaintiffs,
W. Michael Wright, Plaintiff-Appellee-Cross-Appellant,
United Faculty of Florida, Robert K. Sundman, Intervenor-Plaintiffs,
v.
LAKE CITY COMMUNITY COLLEGE, Jean Dowling, in her individual
capacity as Former Member of the District Board of Trustees
of Lake City Community College; Luther Harrell,
individually and in his official capacity as Member of the
District Board of Trustees of Lake City Community College;
Thomas Riherd, in his individual capacity as Former Member
of the District Board of Trustees of Lake City Community
College; Norman Stephenson, individually and in his
official capacity as Member of the District Board of
Trustees of Lake City Community College; Thomas Varnes,
individually and in his official capacity as Member of the
District Board of Trustees of Lake City Community College;
Louis Williams, individually and in his official capacity as
Member of the District Board of Trustees of Lake City
Community College; Karen Belcher Masingil, Associate Vice
President of Business Services of Lake City Community
College, individually and in her official capacity; Homer
Masingil, Vice President of Business Services of Lake City
Community College, individually and in his official
capacity; Carolyn Boyd, former Director of Personnel of
Lake City Community College individually; Dave Pelham,
Division Chairperson Arts and Science of Lake City Community
College; individually and in his official capacity; Sandra
G. Fisher, Division Chairperson, Business/Industrial
Education of Lake City Community College, individually and
in her official capacity; William R. Thrift, Division
Chairperson of Criminal Justice of Lake City Community
College; individually and in his official capacity; Muriel
Kay Heimer, Dr., President of Lake City Community College,
individually and in her official capacity; Eugene Street,
Dr., Former Vice President for Instruction of Lake City
Community College, individually; Dennis King, Dr., Vice
President for Student Support Services of Lake City
Community College, individually and in his official
capacity; David Richards, Dr., Former Division Chairperson
Liberal Arts of Lake City Community College; individually;
Don Bennink, individually and in his official capacity as
Member of the District Board of Trustees of Lake City
Community College,
Defendants-Intervenor-Defendants-Appellants-Cross-Appellees,
District Board of Trustees of Lake City Community College,
FL, Veda Dobson, Frank Gafford, Walter Skinner, in their
official capacity as Members of the District Board of
Trustees of Lake City Community College,
Defendants-Appellants-Cross-Appellees.
 No. 94-2841.
 United States Court of Appeals,
Eleventh Circuit.
 Oct. 5, 1995.
 
 George N. Meros, Jr., Mary W. Chaisson, Rumberger, Kirk & Caldwell, Tallahassee, FL, Michael Mattimore, Hogg, Allen, Norton & Blue, Tallahassee, FL, for Lake City Community College.
 Wm. J. Sheppard, D. Gray Thomas, Sheppard and White, Jacksonville, FL, for W. Michael Wright.
 Appeals from the United States District Court for the Middle District of Florida.
 Before KRAVITCH, Circuit Judge, HILL, Senior Circuit Judge, and ALAIMO*, Senior District Judge.
 PER CURIAM:
 
 
 1
 This is an appeal of the denial of defendants' motion for summary judgment on the grounds of qualified immunity. We exercise jurisdiction over such interlocutory appeals under the authority of Mitchell v. Forsyth, 472 U.S. 511, 530, 105 S.Ct. 2806, 2817, 86 L.Ed.2d 411 (1985). Under Mitchell, a district court's denial of a defendant's motion for summary judgment is immediately appealable if (1) the defendant is a public official asserting a qualified immunity defense, and (2) the issue appealed is whether the facts show a violation of "clearly established" law. Id. at 528, 105 S.Ct. at 2816.
 
 
 2
 Recently, however, the United States Supreme Court has made clear that only issues of law are reviewable under Mitchell. Johnson v. Jones, --- U.S. ----, ----, 115 S.Ct. 2151, 2156, 132 L.Ed.2d 238 (1995). A district court's summary judgment order on qualified immunity which determines only a question of "evidence sufficiency" regarding plaintiff's claim is not appealable. Id. The claim of immunity must be "conceptually distinct" from the merits of the plaintiff's claim; and the interlocutory appeal from its denial must be limited to the issue of whether the undisputed facts show a violation of "clearly established" law. Id.
 
 
 3
 Where, as in this case, a district court finds that there exists a genuine issue of material fact regarding the conduct claimed to violate clearly established law, there is no "final decision" and no interlocutory appellate jurisdiction under Mitchell to review the denial. Id. An order determining the existence or non-existence of a triable issue of fact--the sufficiency of the evidence--is not immediately appealable. Id. at ---- - ----, 115 S.Ct. at 2157-58. We, therefore, grant the plaintiff's motion to dismiss defendants' interlocutory appeal.
 
 
 4
 We dismiss appellee's cross-appeal because this court lacks pendent party appellate jurisdiction. Swint v. Chambers County Comm'n, --- U.S. ----, ---- - ----, 115 S.Ct. 1203, 1211-12, 131 L.Ed.2d 60 (1995).
 
 
 5
 The appeal and cross-appeal are DISMISSED for lack of jurisdiction.
 
 
 
 *
 Honorable Anthony A. Alaimo, Senior U.S. District Judge for the Southern District of Georgia, sitting by designation