IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-30282
Summary Calendar

_____

ADAM MORALES, SR., Individually
and on behalf of his minor children
Paula Morales, Jacob Morales and
Trae Morales, ET AL.,

Plaintiffs-Appellees,

versus

STATE OF LOUISIANA, ET AL.,

Defendants,

ANTHONY FALTERMAN, Sheriff
and/or District Attorney of
the Parish of Assumption,

Defendant-Appellant,

AUDUBON INSURANCE COMPANY,

Movant.

_____

Appeal from the United States District Court
for the
Eastern District of Louisiana
(94-1194)

_____

November 28, 1995

Before JOHNSON, BARKSDALE and PARKER, Circuit Judges.

JOHNSON, Circuit Judge:[1]

_____

Local Rule 47.5 provides:  "The publication of opinions that
have no precedential value and merely decide particular cases on
the basis of well-settled principles of law imposes needless
expense on the public and burdens on the legal profession."
Pursuant to this Rule, the Court has determined that this opinion

Plaintiff Adam Morales ("Morales") brought this civil rights suit under 28 U.S.C. § 1983 against Anthony Falterman, the former sheriff and present district attorney of Assumption Parish in Louisiana ("Falterman"). The district court denied Falterman's motion to dismiss under FED. R. CIV. P. 12(b)(6). For the reasons set forth below, we vacate that order denying dismissal and remand for conclusions of law.

## I. Facts and Procedural History

This case arises out of Falterman's prosecution of Morales for two charges of rape against two young girls, Julie Morales and Sabina Coupel. Morales was acquitted of the charge of raping Julie Morales on March 23, 1993. The charge that he raped Sabrina Coupel is still pending in Louisiana state court.

In Morales' civil rights complaint, he alleges primarily that Falterman and others conspired to prosecute him despite the fact that they knew he was innocent. Falterman filed a motion to dismiss on the grounds of absolute and/or qualified prosecutorial immunity, failure to state a conspiracy claim, and limitations. Additionally Falterman requested dismissal of all pendent state claims without prejudice. This case was originally assigned to District Judge Heebe who granted in part Falterman's motion to dismiss. As to the claims remaining after the partial dismissal, Judge Heebe gave Morales fourteen days in which to amend his complaint so as to plead with specificity the facts giving rise to his conspiracy claims. Judge Heebe provided extensive findings and

should not be published.

2

conclusions along with the order of partial dismissal. Morales then amended his complaint by alleging several additional paragraphs of facts with which he apparently intended to support his conspiracy theories.

Falterman then filed a second FED. R. CIV. P. 12(b)(6) motion to dismiss based on qualified and/or absolute immunity, failure to state a legally cognizable claim, and limitations. Falterman again requested that all of Morales' pendent state law claims be dismissed without prejudice.

At this point in the proceedings, the case was reassigned to Judge Sarah Vance and then again to Judge Okla Jones, II. Judge Jones denied Falterman's motion to dismiss the claims against him alleged in Morales' amended complaint without setting forth any written rationale. Additionally, the minute entry does not state whether Judge Jones stated the reasons for the denial from the bench. Falterman further states in his brief that his motion to dismiss was denied "without reasons." Blue brief at 5. Falterman now appeals the denial of his motion to dismiss based on his claims of absolute and/or qualified immunity.

## II. Discussion

Before deciding whether the district judge properly denied the motion to dismiss based upon immunity from suit, we must examine the basis for our jurisdiction. *Tamez v. City of San Marcos*, 62 F.3d 123, 124 (5th Cir. 1995)(reminding that this Court must examine the basis for its own subject matter jurisdiction whenever necessary). Generally, this Court does not have jurisdiction over

3

interlocutory pretrial orders because such pretrial orders are not "final decisions" for the purposes of 28 U.S.C. § 1291. *See id.* However, in *Mitchell v. Forsyth*, the Supreme Court held that the denial of a substantial claim of absolute immunity is an order appealable before final judgment, for the essence of absolute immunity is its possessor's entitlement not to have to answer for his or her conduct in a civil damages action. 472 U.S. 511, 525 (1985). The denial of a claim of qualified immunity is similarly appealable, but only on the essentially legal question of whether the conduct of which the plaintiff complains violates clearly established law. *Id.* At 526. A defendant entitled to invoke a qualified immunity defense may not appeal a district court's pretrial order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial. *See Johnson v. Jones*, 115 S. Ct. 2151, 2159 (1995); *Tamez*, 62 F.3d at 125.

In *Johnson*, the Supreme Court noted that if the district court has denied a summary judgment without indicating its reasons for doing so, the court of appeals may be forced to undertake a cumbersome review of the record to determine what facts the district court may have relied on in its denial. *Johnson*, 115 S.Ct. at 2159. This Court has held that where effective review of the district court's grant of summary judgment to the defendants is not feasible without the benefit of the district court's reasoning, that such a grant of summary judgment could be vacated and the case remanded to the district court for written. *See, i.e., Farrar v.*

4

*Cain*, 642 F.2d 86, 87 (5th Cir. 1981).  In *Farrar*, for example, this Court vacated a summary judgment and remanded the case for written findings because the district court's summary ruling was most likely predicated on one or more of the theories of immunity advanced by the defendants.  *Id.*

Like in *Farrar*, the order in the present case denying the defendant's motion to dismiss[2] was most likely grounded on one or more theories of immunity advanced by Falterman.  Without written findings this Court does not have benefit of the district court's reasoning in order to make the crucial jurisdictional determination mandated by the Supreme Court in *Johnson*.  A remand of the cause for written findings and conclusions will facilitate review of the district court's ruling since the denial of Falterman's motion to dismiss on any grounds other than certain types of immunity is not immediately appealable of right.[3]

### III.  Conclusion

This Court is unable to evaluate its ability to hear this denial of immunity appeal without further direction as to the

---

[2]     The fact that this is an appeal of a denial of a Rule 12(b)(6) motion to dismiss does not affect this Court's action. This Court is faced with the same jurisdictional dilemma as if this were a denial of summary judgment.  The existence of this dilemma is set forth in detail in Footnote Number 3.

[3]     If, for example, the district court denied Falterman's Rule 12(b)(6) motion on the ground that fact issues existed for trial precluding a pretrial dismissal as to Falterman's qualified immunity on non-prosecutorially related conduct, this Court would not have jurisdiction under the *Johnson* analysis.  However, if the denial was based on an erroneous belief by the district court that as a prosecutor Falterman was not entitled to absolute immunity in exercising his prosecutorial discretion, Falterman would, of course, be entitled to immediate review.

precise basis for that denial.  Thus, the district court's order denying Falterman's motion to dismiss is hereby vacated and this case is remanded for written legal findings relative to Falterman's immunity defenses.

VACATED AND REMANDED.

6