United States Court of Appeals,

Fifth Circuit.

No. 95-40266

Summary Calendar.

Wilfred Waylon JACKSON, Plaintiff-Appellee,

v.

CITY OF ATLANTA, TX., et al., Defendants,

Jim Long, Individually and in his capacity as City Manager, et al., Defendants-Appellants.

Jan. 24, 1996.

Appeal from the United States District Court for the Eastern District of Texas.

Before WIENER, PARKER and DENNIS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellee Wilfred Waylon Jackson sued the City of Atlanta, Texas, as well as its city manager and several of its city councilmen individually, asserting, *inter alia,* claims of discrimination under both Title VII[1] and 42 U.S.C. § 1983. Based on immunity, the city manager and city councilmen (Defendants)—but not the City of Atlanta—filed motions to dismiss or, in the alternative, for summary judgment. Defendants appeal the district court's denial of these motions. We dismiss the appeal, in part, and reverse and remand, in part.

I

FACTS AND PROCEEDINGS

In April 1989, Atlanta promoted Jackson, a black male, to the

---

[1]42 U.S.C. § 2000e.

position of Fire Chief in the Atlanta Fire Department (Department). In December 1992, Jackson was terminated by Jim Long, the city manager.  In explanation, Long cited animosity, low morale, and disharmony within the Department.  Additionally, Long cited Jackson's refusal to allow a subordinate to use the Department's vehicle that is assigned to the Fire Chief.  Jackson, the only black department head in Atlanta, thought that racial prejudice might have motivated his termination and requested a hearing before the Atlanta City Council (Council).  After hearing his complaints in executive session, the Council announced that it had voted not to reinstate Jackson.

Jackson then filed the instant suit in federal district court, alleging, *inter alia,* causes of action for racial discrimination under both Title VII and § 1983.[2]  Jackson does not dispute that these two federal claims arise out of identical fact situations and identical allegations of racial discrimination.  On both claims, the Defendants filed motions to dismiss for failure to state a claim or, in the alternative, for a summary judgment of dismissal. With respect to the § 1983 claim, these motions were based on qualified immunity.  The district court denied all motions, stating that (1) Jackson had stated claims under both Title VII and § 1983, and (2) the existence of genuine issues of fact precluded summary

---

[2]Jackson also asserted supplemental state law claims for defamation and intentional infliction of emotional distress.  As this is an interlocutory appeal of an immunity defense to a § 1983 claim, we have no jurisdiction over those issues at this early juncture in the litigation.  *See Tamez v. City of San Marcos, Tx.,* 62 F.3d 123, 124 (5th Cir.1995).

judgment on both claims. The Defendants timely filed this interlocutory appeal.

II

DISCUSSION

A. JURISDICTION

Before addressing the substantive issues in this appeal, we examine the basis for our jurisdiction.[3] On appeal, the Defendants challenge two aspects of the district court's order: First, they urge that the Title VII claims against them should have been dismissed, through either Rule 12(b)(6) or summary judgment. In like manner, they contend that the § 1983 claims against them should have been dismissed, through either Rule 12(b)(6) or summary judgment based on qualified immunity.

Generally, we do not have interlocutory jurisdiction over the denial of either a motion to dismiss or a motion for summary judgment, as such pretrial orders are not "final decisions" for the purposes of 28 U.S.C. § 1291.[4] Denials of motions to dismiss and motions for summary judgment in the Title VII context are non-final pretrial orders. Consequently, in this interlocutory appeal, we do not have jurisdiction to review the district court's order denying the Defendants' pretrial motions to dismiss or for summary judgment

---

[3]*Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987) ("This Court must examine the basis of its jurisdiction, on its own motion, if necessary.").

[4]*See Sorey v. Kellett,* 849 F.2d 960, 961 (5th Cir.1988) ("Under 28 U.S.C. § 1291, the courts of appeals have jurisdiction over "final decisions' of the district courts. Ordinarily, this section precludes review of a district court's pretrial orders until appeal from the final judgment.").

3

in Jackson's Title VII claims.  We neither express nor imply an opinion on the merits of Jackson's Title VII claims;  we simply dismiss the Title VII facet of this appeal for lack of appellate jurisdiction and remand these claims for further proceedings.

Jackson's § 1983 claims are another matter altogether.  In *Mitchell v. Forsyth,*[5] the Supreme Court held that "a district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable "final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."[6]  Recently, in *Johnson v. Jones,*[7] the Supreme Court made clear that our interlocutory jurisdiction under *Mitchell* begins and ends with the "purely legal" aspects of qualified immunity.[8]  In *Johnson,* the Supreme Court reiterated the dichotomy

---

[5]472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

[6]*Id.* at 530, 105 S.Ct. at 2817-18;  *see also Hale v. Townley,* 45 F.3d 914, 918 (5th Cir.1995) ("An appellate court has jurisdiction to review an interlocutory denial of qualified immunity only to the extent that it "turns on an issue of law.' " (quoting *Mitchell,* 472 U.S. at 530, 105 S.Ct. at 2817-18)).

In *Mitchell,* the Court held that a district court's order denying a defendant's motion for summary judgment was an immediately appealable collateral order under *Cohen v. Beneficial Indus. Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), where (1) the defendant was a public official asserting a defense of immunity, and (2) the issue appealed concerned whether or not certain given facts showed a violation of clearly established law.  *Mitchell,* 472 U.S. at 528, 105 S.Ct. at 2816-17.

[7]*Johnson v. Jones,* --- U.S. ----, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).

[8]*Id.* at ----, 115 S.Ct. at 2156 (holding that "a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order *insofar as* that order determines whether or not the pretrial record sets forth a

4

in the grounds for denying a motion for summary judgment based on qualified immunity: "(a) a determination about pre-existing "clearly established' law, or (b) a determination about "genuine' issues of fact for trial."[9] The Court then held that we have jurisdiction over the former, a purely-law-based denial of qualified immunity, but that we have no jurisdiction over the latter, a genuine-issue-of-fact-based denial of qualified immunity.[10] It follows that when we determine that a district court's order denying qualified immunity turns on "purely legal" grounds, we have jurisdiction to review it; but, when the district court's denial turns on the existence of a factual dispute, we have no jurisdiction and must dismiss the appeal.[11]

B. WHEN § 1983 AND TITLE VII MEET

Asserting a "purely legal" error, the Defendants contend that allegations of discriminatory treatment in connection with public

---

"genuine' issue of fact for trial") (emphasis added).

[9]*Id.* at ----, 115 S.Ct. at 2158.

[10]*Id.* at ----, 115 S.Ct. at 2159.

[11]*Tamez,* 62 F.3d at 125 ("The Court in *Johnson* held that a defendant, entitled to invoke a qualified immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial.") (quotations and citations omitted); *Buonocore v. Harris,* 65 F.3d 347, 360 (4th Cir.1995) ("The *Jones* court made it clear that appellate jurisdiction over [purely legal issues] should not be regarded as a basis for exercising pendant jurisdiction over fact-related qualified immunity questions."); *Babb v. Lake City Community College,* 66 F.3d 270 (11th Cir.1995) ("A district court's order on qualified immunity which determines only a question of "evidence sufficiency' regarding plaintiff's claim is not appealable.").

employment that form the basis of a Title VII claim cannot form the basis of a second, separate claim under § 1983 as well. We agree. In *Irby v. Smith*,[12] we held that a violation of Title VII cannot also support a § 1983 suit.[13] Section 1983 does not create any substantive rights; it creates only a remedy for the violation of a substantive federal right.[14] Thus, § 1983 is not available when "the governing statute provides an exclusive remedy for violations of its terms."[15]

The governing statute, Title VII in this case, provides Jackson's exclusive remedy.[16] Congress intended for Title VII—with its own substantive requirements, procedural rules, and remedies—to be the exclusive means by which an employee may pursue a discrimination claim. Allowing a plaintiff to state a discrimination claim under § 1983 as well would enable him to

---

[12]737 F.2d 1418 (5th Cir.1984).

[13]*Id.* at 1429; *see also Grady v. El Paso Community College,* 979 F.2d 1111, 1113 (5th Cir.1992) ("[A] violation of Title VII cannot support a § 1983 suit.").

In *Johnston v. Harris County Flood Control Dist.,* 869 F.2d 1565 (5th Cir.1989), *cert. denied,* 493 U.S. 1019, 110 S.Ct. 718, 107 L.Ed.2d 738 (1990), we qualified our position in *Irby* by holding that a plaintiff could pursue a remedy under § 1983 as well as under Title VII when the employer's conduct violates both Title VII and a *separate constitutional or statutory right.* As Jackson alleges racial discrimination as the sole basis for his § 1983 claim, he has not identified a separate constitutional or statutory right and thus *Johnston* is inapplicable.

[14]*Pennhurst State School & Hosp. v. Halderman,* 451 U.S. 1, 28, 101 S.Ct. 1531, 1545-46, 67 L.Ed.2d 694 (1981).

[15]*Id.* (citations omitted).

[16]*Irby,* 737 F.2d at 1429.

sidestep the detailed and specific provisions of Title VII.[17]  In denying Defendants' motion to dismiss Jackson's Title VII claims under Rule 12(b)(6), the district court necessarily determined that Jackson's allegations of racial discrimination are sufficient to establish a clear violation of Title VII and thus a clear deprivation of a federal right.  Consequently, § 1983 is not available to Jackson for either alternative or additional relief. As Jackson thus has no access to a remedy under § 1983, it follows that he may not assert such a claim.  Thus, Jackson's putative § 1983 claims, arising as they do from precisely the same allegedly discriminatory acts as do his Title VII claims, should have been dismissed.  Accordingly, we remand Jackson's § 1983 claims against the Defendants to the district court with the instruction to dismiss them.

C. OTHER ALLEGED ERRORS

The Defendants urge an additional error which has now been rendered moot by our holding in the preceding paragraph.  We refer to the Defendants' insistence that, in addition to qualified immunity, they are entitled to absolute legislative immunity.  It is well established that immunity, be it absolute or qualified, is an affirmative defense available to public officials sued under § 1983.[18]  As we remand Jackson's § 1983 claims with instructions for

---

[17]*See Irby,* 737 F.2d at 1429.  For example, § 1983 authorizes compensatory and punitive damages, which in many cases are not available in a Title VII case.  *Id.*

[18]*See, e.g., Barker v. Norman,* 651 F.2d 1107, 1120 (5th Cir. Unit A 1981).

7

their dismissal, the Defendants no longer need the shelter of absolute immunity. Accordingly, we dismiss as moot all appellate issues arising from the Defendants' assertion of the affirmative defense of absolute immunity.

III

CONCLUSION

For the forgoing reasons, the Defendants' interlocutory appeal of the district court's refusal to dismiss Jackson's Title VII claims are DISMISSED for want of jurisdiction. The same fate is appropriate for Defendants' defense of absolute immunity, albeit on grounds of mootness. The district court's order denying Defendants' motion to dismiss Jackson's § 1983 claims, however, is REVERSED and REMANDED with instructions to dismiss such claims against the Defendants.

DISMISSED in part; REVERSED and REMANDED in part.