**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 95-20662
Summary Calendar
_____


DONALD WAYNE CYIARK,

Plaintiff-Appellee,

versus

CITY OF HOUSTON; CHARLES E.
KENNEDY; WAYNE HANKINS,

Defendants,

and

E.T. BICE,

Defendant-Appellant.

**ASSOCIATED WITH**
_____

No. 95-20732
Summary Calendar
_____


DONALD WAYNE CYIARK,

Plaintiff-Appellee

versus

THE CITY OF HOUSTON, ET AL.,

Defendants,

and

WAYNE HANKINS,

Defendant-Appellant.

Appeals from the United States District Court
For the Southern District of Texas
(CA-H-94-3192 & H-94-CV-3192)

March 6, 1996

Before POLITZ, Chief Judge, GARWOOD and STEWART, Circuit Judges.

PER CURIAM:[*]

Donald Wayne Cyiark, a stable manager with the Houston Police Department, alleging that he was subjected to physical and emotional mistreatment by Houston police officers because of his race, filed a 42 U.S.C. § 1983 action against these officers and the City of Houston. Defendants Bice, Hankins, and the City of Houston filed motions to dismiss and/or for summary judgment based upon qualified immunity. The district court denied these motions, assigning no reasons but citing the recent Supreme Court decision in **Johnson v. Jones**.[1] Defendants Bice and Hankins timely appeal. They also move for expedited consideration of their appeal. Today's resolution moots that motion and it is therefore denied.

We do not have appellate jurisdiction over the instant district court ruling on the defendants' qualified immunity defense.[2] Our review of the record, considering the trial court's reference to **Johnson v. Jones**, persuades that the district court found genuine issues of material fact yet to be resolved. In that setting summary judgment is inappropriate.

We do have appellate jurisdiction over the defendants' claim that the allegations in Cyiark's amended complaint are, as a matter of law, insufficient to defeat their defense of qualified immunity.[3] This challenge requires that we examine Cyiark's factual allegations

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

[1] _____ U.S. _____, 115 S.Ct. 2151 (1995).

[2]**Johnson; Jackson v. City of Atlanta, Tx.**, 73 F.3d 60 (5th Cir. 1996).

[3]**Johnson; Schultea v. Wood**, 47 F.3d 1427 (5th Cir. 1995) (*en banc*). The district court's order, insofar as we construe it to find contested issues of fact, implicitly rejects the defendants' claim that Cyiark's allegations are legally insufficient.

"to determine whether they would be sufficient, if proven, to establish a violation of clearly established law."[4]  Our review of the complaint is *de novo*.[5]

Defendants contend that Cyiark's allegations are not sufficiently particularized and therefore fail the "heightened pleading requirement" they assert is applicable in cases involving claims of qualified immunity.  The amended complaint, however, alleges numerous instances of unprovoked and racially-motivated threats, harassment, and injury at the hands of Houston police officers.  This suffices to state a cause of action under section 1983 sufficient to overcome defendants' claim of qualified immunity at this stage of the litigation.  As recently explained, the purported "heightened pleading requirement" is based on the trial court's discretionary authority to order a reply to a defendant's proffer of a qualified immunity defense.[6]  In the case at bar the district court, obviously satisfied with the complaint as written, opted not to demand more detailed pleadings from Cyiark.  In this we perceive the district court did not err.

DISMISSED in part, AFFIRMED in part, and REMANDED.

---

[4]**Hale v. Townley**, 45 F.3d 914, 918 (5th Cir. 1995) (citing **Lampkin v. City of Nacogdoches**, 7 F.3d 430 (5th Cir. 1993), cert. denied, 114 S.Ct. 1400 (1994).  See also **Johnson** (citing **Mitchell v. Forsyth**, 472 U.S. 511 (1985)).

[5]**Jackson v. City of Beaumont Police Dept.**, 958 F.2d 616 (5th Cir. 1992).

[6]**Schultea**; Fed.R.Civ.P. 7(a).