United States Court of Appeals,

Eleventh Circuit.

No. 95-8107.

Robert D. MASTROIANNI, Plaintiff-Appellee,

v.

Michael J. BOWERS, Patrick D. Deering, Joe B. Jackson, Jr., Weyland Yeomans, Defendants-Appellants.

Jan. 5, 1996.

Appeal from the United States District Court for the Southern District of Georgia.

Before HATCHETT and BIRCH, Circuit Judges, and GODBOLD, Senior Circuit Judge. (No. CV293-88), Anthony A. Alaimo, Judge.

HATCHETT, Circuit Judge:

We dismiss this appeal based on the teachings of *Johnson v. Jones,* --- U.S. ----, 115 S.Ct. 2151, 132 L.Ed.2d 238 (1995).

BACKGROUND

Appellants Michael J. Bowers, Attorney General of Georgia, Patrick D. Deering, Assistant Attorney General of Georgia, and Georgia Bureau of Investigation (GBI) Agents Joe B. Jackson Jr., Weyland Yeomans, and Lee J. Sweat, Jr. conducted an investigation into alleged misconduct of Camden County Sheriff William E. Smith and Deputy Sheriff Robert Mastroianni. Bowers supervised the investigation that lasted from the spring of 1991 to the summer of 1992. The investigation of Mastroianni stemmed from allegations that he planted drugs on criminal suspects and then falsely arrested them. Mastroianni believed, however, that the goal of the investigation was to damage the reputation of Sheriff Smith's department.

On July 1, 1992, Deering filed a notice of indictment against

Mastroianni, and grand jury proceedings occurred on July 16 and 17. The grand jury indicted Mastroianni on one count for planting drugs on and falsely arresting a suspect. Law enforcement officials arrested Mastroianni on July 17 and took him to the Glenn County Jail where he was booked and subsequently released on a $5,000 bond the same day. Mastroianni was on bond with restricted freedom of movement until April 9, 1993, when Deering and Bowers formally declared that they would not seek to prosecute Mastroianni.

On June 29, 1993, Mastroianni filed a complaint in the Southern District of Georgia against Bowers, Deering, Yeomans, Jackson, and Sweat for allegedly violating the Civil Rights Act of 1871, 42 U.S.C. § 1983. [1] Mastroianni sought compensatory and punitive damages. In his complaint, Mastroianni alleged that appellants conspired to violate his constitutional rights to be free from malicious prosecution, bad-faith prosecution, abuse of process, knowing use of false and perjured testimony, deprivation of a fair trial and false arrest. Mastroianni claimed that the appellants violated his civil rights because he refused to assist them with an ongoing investigation of Sheriff Smith.

Appellants filed a motion to dismiss on August 2, 1993, and on September 20, 1993. The district court granted appellants' motion to dismiss with respect to Mastroianni's claims for deprivation of fair trial, use of false and improperly obtained evidence, and use of perjured testimony. The district court reasoned that Mastroianni could not maintain a fair trial claim in the absence of

---

[1]Mastroianni subsequently moved to have Sweat dismissed from this action. The district court granted Mastroianni's motion on July 20, 1994.

a trial.

The district court dismissed the claims for use of false and improperly obtained evidence and perjured testimony because it determined that those claims were indistinguishable from claims of malicious prosecution, abuse of process, and false arrests. The district court, however, denied the appellants' motion to dismiss with respect to Mastroianni's constitutional claims in the nature of malicious prosecution, abuse of process, false arrest, false imprisonment and conspiracy to commit the same. The district court found that Mastroianni had pleaded sufficient facts to state a claim upon which relief could be granted.

In September 1994, appellants filed a motion for summary judgment claiming that they were entitled to both qualified and absolute immunity. The district court denied appellants' motion for summary judgment on the claims for false arrest and conspiracy to commit false arrest, but granted their motion on the claims for false imprisonment, abuse of process, malicious prosecution, and conspiracy to commit the foregoing. The district court held that Mastroianni's claims of false imprisonment and malicious prosecution were part of his broader claim of false arrest. The district court also found that the tort of "abuse of process" was not clearly established law in this circuit at the time of the arrest. The district court found that the appellants violated clearly established law when they arrested Mastroianni without probable cause. This appeal is from the denial of the summary judgment motion based on qualified immunity.

DISCUSSION

When a lower court denies a motion for summary judgment based on qualified immunity, this court has interlocutory appellate jurisdiction. *Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 2817-18, 86 L.Ed.2d 411 (1985). According to *Mitchell,* this court may properly entertain an interlocutory appeal from a district court's denial of a defendant's motion for summary judgment when (1) the defendant is a public official claiming qualified immunity as a defense, and (2) the issue on appeal is whether the undisputed facts show a violation of clearly established law. *Mitchell,* 472 U.S. at 528, 105 S.Ct. at 2816-17.

Insofar as appeals from denials of summary judgment relate to "factual disputes" or "sufficiency of evidence" regarding the plaintiff's claim, this court lacks appellate jurisdiction. *Johnson v. Jones,* --- U.S. ----, ----, 115 S.Ct. 2151, 2156, 132 L.Ed.2d 238 (1995); *Babb v. Lake City Community College,* 66 F.3d 270, 272 (11th Cir.1995). Therefore, in light of the recent Supreme Court decision in *Johnson* and this court's decision in *Babb,* interlocutory appellate review of denial of summary judgment motions on the grounds of qualified immunity is confined to determining whether the law supposedly violated was clearly established. *Johnson,* --- U.S. at ----, 115 S.Ct. at 2156; *Babb,* 66 F.3d at 272. When a district court finds that genuine issues of material fact exist regarding the "conduct" alleged to have violated clearly established law, this court is without appellate jurisdiction. *Babb,* 66 F.3d at 272. The district court in this case found that genuine issues of material fact exist surrounding appellants' alleged illegal conduct leading to Mastroianni's

arrest.  Moreover, the appellants did not challenge the district court's determination of the clearly established law allegedly violated.  Therefore, this court may not properly exercise jurisdiction.

## CONCLUSION

This appeal is dismissed for lack of jurisdiction.

DISMISSED.