United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 21, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-41177
Summary Calendar

EDWARD J. MARTIN,

Plaintiff-Appellee,

v.

KLENT TIPTON,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
(9:05-CV-119)

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant Edward D. Martin brought a 42 U.S.C. §
1983 suit against Defendant-Appellant Klent Tipton, alleging that
he violated Martin's Fourth Amendment rights.  Tipton files this
interlocutory appeal challenging the district court's partial
denial of his motion for summary judgment on qualified immunity
grounds.  As we do not have jurisdiction over this appeal, we
dismiss.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

On April 3, 2005, at 5:19 p.m., Tipton, a Texas State Trooper, pulled over Martin because he was driving 66 mph in a 65 mph zone. After briefly questioning Martin, Tipton requested that a K-9 officer be brought to the scene. The K-9 officer arrived approximately 30 minutes later with a trained dog. After the dog made a positive alert on an odor from Martin's vehicle, Tipton searched the car. Although Tipton testified he found a leafy green substance that he believed to be marijuana residue in the trunk of the car, he did not remove this substance, and Martin disputes that this substance was marijuana. Approximately one hour and forty-five minutes elapsed from the initial stop until Tipton informed Martin he was free to leave.

Martin filed this action, alleging that the initial stop, the prolonged detention, and the search of his vehicle, during which Martin contends his car was "trashed," deprived him of his Fourth Amendment right to be free from unreasonable searches and seizures. Tipton filed a motion for summary judgment on qualified immunity grounds. The district court granted the motion with respect to the initial stop but denied it with respect to the post-stop detention and the search. Tipton timely filed this interlocutory appeal.

A district court's order denying qualified immunity is immediately appealable to the extent that it turns on an issue of law.[1] Nevertheless, "a defendant, entitled to invoke a qualified

_____

[1] Gobert v. Caldwell, 463 F.3d 339, 344 (5th Cir. 2006)

2

immunity defense, may not appeal a district court's summary judgment order insofar as that order determines whether or not the pretrial record sets forth a genuine issue of fact for trial."[2] If the defendant only argues that, contrary to the district court's determination, there is insufficient evidence in the record to support the plaintiff's version of the facts, the appellate courts must dismiss the appeal for lack of jurisdiction.[3] We have appellate jurisdiction only to determine whether Tipton is entitled to qualified immunity as a matter of law when all facts are viewed in the light most favorable to Martin.[4]

To determine whether an official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a constitutional right and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident.[5]

Tipton's appeal, in essence, challenges the district court's determination that "the pretrial record sets forth a genuine issue

---

[2] Tamez v. City of San Marcos, 62 F.3d 123, 125 (5th Cir. 1995) (internal quotation marks and citation omitted).

[3] See Kinney v. Weaver, 367 F.3d 337, 347 (5th Cir. 2004) (en banc).

[4] Id.

[5] McClendon v. City of Columbia, 305 F.3d 314, 322–23 (5th Cir. 2002).

of fact for trial."[6]  Although Tipton asserts that "[t]here are no materially disputed facts in this case," this contention ignores the district court's analysis of the facts in the summary judgment record.  Tipton, for example, casts Martin as evasive and unresponsive, contending that this was part of Tipton's basis for the post-stop detention.  In contrast, the district court concluded, <u>based on its viewing of the videotape of the stop</u>, that

> Martin appears calm and collected.  He does not become angry or raise his voice, and he answers questions succinctly.  He identifies where he is coming from and where he is going.  Martin discusses his previous employment and appears to try to answer the Officer's questions truthfully.  While Martin was not overly cooperative or extremely forthcoming in his answers, his answers and demeanor as seen in the videotape of the incident do not, by themselves, or in conjunction with a messy car, establish, for summary judgment purposes, that a reasonable officer would have had suspicion of criminal activity sufficient to justify a detention of over 30 minutes while waiting for a drug dog.

The district court further concluded that the questions raised by the videotape were not answered by the summary judgment evidence.

Tipton would have us evaluate the district court's conclusion that a jury could reject Tipton's evaluation of Martin's answers and demeanor based on Martin's demeanor in the videotape.  As "we cannot challenge the district court's assessments regarding the sufficiency of the evidence" on interlocutory appeal,[7] we do not have jurisdiction over this one.  Tipton's interlocutory appeal of

---

[6]   <u>Tamez v. City of San Marcos</u>, 62 F.3d 123, 125 (5th Cir. 1995) (internal quotation marks and citation omitted).

[7]   <u>Kinney v. Weaver</u>, 367 F.3d 337, 347 (5th Cir. 2004).

the district court's partial denial of qualified immunity is therefore,

DISMISSED.