# United States Court of Appeals
# for the Fifth Circuit

——————————

No. 25-40433

——————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 12, 2026

Lyle W. Cayce
Clerk

Dana F. Young,

*Plaintiff—Appellant*,

*versus*

Collin College,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:24-CV-979

_____

Before Graves, Ho, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Dana F. Young moves for leave to proceed in forma pauperis (IFP) in her appeal from an interlocutory order dismissing her motion for summary judgment without prejudice as premature. A motion for leave to proceed IFP challenges the district court's determination that an appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-40433

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal in a civil case is a prerequisite for appellate jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 213-14 (2007).

We do not have jurisdiction over Young's interlocutory appeal of the dismissal of her motion for summary judgment. *See Tamez v. City of San Marcos*, 62 F.3d 123, 124 (5th Cir. 1995). Further, "a notice of appeal from a clearly interlocutory decision" does not "serve as a notice of appeal from the final judgment." *FirsTier Mortg. Co. v. Invs. Mortg. Ins. Co.*, 498 U.S. 269, 276 (1991). Because Young has not appealed from the district court's final judgment, which was entered on October 24, 2025, we lack jurisdiction over the instant appeal. *See Bowles*, 551 U.S. at 213-14; Fed. R. App. P. 4(a)(1)(A).

Accordingly, the appeal is DISMISSED for lack of jurisdiction. The IFP motion is DENIED as moot.