Mary BOOZIER, Appellant,

v.

Samuel HAMBRICK, Appellee.

No. 01–92–00730–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 28, 1993.

Benjamin L. Hall, III, John E. Fisher, Mark Thompson, Houston, for appellant.

Walter B. Wright, Houston, for appellee.

Before DUGGAN, DUNN and MIRABAL, JJ.

OPINION

MIRABAL, Justice.

Appellant Mary Boozier, an employee of the City of Houston, appeals pursuant to TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) from the trial court's denial of her motion for summary judgment[1] in a case brought against her for defamation, intentional infliction of emotional distress, and tortious interference with contract. We reverse and render.

The following facts are undisputed. Boozier is an airport police officer at Hobby Airport. Hambrick is a superintendent at Hobby Airport and, like Boozier, is employed by the City of Houston.

Boozier reported to her superiors that on April 5, 1990, Hambrick grabbed her buttocks as she walked by him. Boozier subsequently filed Class C misdemeanor charges of assault against Hambrick. After a jury trial in municipal court, Hambrick was convicted of assaulting Boozier and fined $200. The conviction was affirmed by the county criminal court at law.

The Aviation Department of the City of Houston also investigated the alleged incident. An investigator for the Aviation Department spoke to Boozier during the investigation. After concluding its investigation, the Department suspended Hambrick for 10 days without pay.

Prior to these events, Boozier had accused Paul Scherler, also a superintendent at Hobby Airport, of grabbing her buttocks. Hambrick, who was Scherler's superior, prepared a sworn statement for Scherler in which he concluded that he did not believe Boozier's allegation against Scherler. Scherler presented the statement to his superiors as part of his defense against Boozier's allegation, but the Department terminated Scherler. Scherler's appeal to the Civil Service Commission was denied despite Hambrick's sworn oral testimony at the Commission hearing.

Scherler subsequently sued Boozier in state district court for defamation, inten-

tional infliction of emotional distress, and tortious interference with contract. Hambrick intervened as a plaintiff in that lawsuit. The trial court ultimately severed Hambrick's cause of action from Scherler's.

Boozier moved for summary judgment against Hambrick on the grounds of truth, official immunity, privilege, and estoppel. She also claimed that, as a matter of law, she could not have interfered with Hambrick's contract. The trial court denied her motion, and she now brings two points of error attacking that denial.

■ Before addressing her points, we first consider Hambrick's argument that Boozier has no standing to bring this appeal because she was sued in her individual, as opposed to official, capacity, and because the alleged acts for which she is being sued were "unofficial" acts not committed within the course and scope of her employment.

Section 51.014 of the Civil Practice and Remedies Code states in relevant part as follows:

A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

(5) denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.

TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1993).

Boozier, as an employee of the City of Houston, is an employee of a "political subdivision of the state." Texas cities are political subdivisions of the State of Texas. *Texas Nat'l Guard Armory Board v. McCraw*, 132 Tex. 613, 126 S.W.2d 627, 638 (1939); *Houston Chronicle Pub. Co. v. Hardy*, 678 S.W.2d 495, 501 (Tex.App.—Dallas 1984, orig. proceeding), *cert. denied*, 470 U.S. 1052, 105 S.Ct. 1754, 84 L.Ed.2d 817 (1985).

We disagree with Hambrick's argument that section 51.014 does not apply because

1. Under certain circumstances, section 51.-014(5) allows the appeal of an interlocutory order denying a motion for summary judgment.

The scope of section 51.014(5) is one of the issues decided in this appeal.

he sued Boozier in her individual capacity. The application of section 51.014 does not depend on whether the employee is sued in her individual or official capacity. It simply states that when the employee moves for summary judgement on an assertion of immunity and the motion is denied, the denial is reviewable by appeal. TEX.CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp.1993). The capacity in which the employee is sued may be relevant to the issue of what kind of immunity applies, if any, but that is an issue for the appellate court to determine when it hears the appeal. That issue is not determinative of whether there can *be* an appeal.

For a similar reason, we disagree with Hambrick that Boozier has no standing to bring this appeal because the alleged acts for which Hambrick sued her were "unofficial" acts committed outside the course and scope of her employment. The nature of her acts, i.e., whether they were official or unofficial, and whether they were committed within the course and scope of her employment, are issues relating to what kind of immunity, if any, applies. Again, however, the application of immunity is the matter to be determined in the appeal; it is not the determining factor in whether the appeal may be had in the first place.

We hold that, pursuant to section 51.-014(5), Boozier has standing to bring this appeal.

■ However, we agree with Hambrick that Boozier does not have standing to argue on appeal any ground set out in her motion for summary judgment except that of immunity. We will not consider her arguments that her defenses of truth, privilege, estoppel, and no interference with contract as a matter of law entitled her to summary judgment. We interpret section 51.014(5) to mean that the assertion of immunity is the *only* ground for summary judgment whose denial we can review under that section. The clear purpose of the addition of subsection five to section 51.014 is that trial courts' decisions at the summary judgment stage as to whether an employee is *immune from suit* be reviewable on appeal. We do not read subsection

five as allowing us to review whether the employee, notwithstanding immunity from suit in the first place, has established entitlement to summary judgment on grounds that would be available to any defendant whether he is an employee or not.

We find support for our interpretation in Justice Cornyn's concurring opinion in *Travis v. City of Mesquite*, 830 S.W.2d 94 (Tex.1992). Justice Cornyn wrote as follows:

> [I]t is significant that the Legislature amended Section 51.014 of the Texas Civil Practice and Remedies Code in 1989 to allow a government employee an interlocutory appeal of an order denying a summary judgment based on official immunity ... This rare opportunity for interlocutory appellate review reveals just how important the legislature considers the defense of official immunity for government employees to be. When successfully invoked, such procedure renders an officer's immunity an *immunity from suit*, not just immunity from liability ... The very reasons for the grant of immunity are effectively unsalvageable if the official is determined to be immune from liability only after a trial on the merits ... The articulated basis for such immunity is: the importance of avoiding distraction of officials from their governmental duties; the desire to avoid inhibition of discretionary action; minimizing deterrence of able people from public service; avoiding the costs of an unnecessary trial; and insulating officials from burdensome discovery.

*Id.* at 102 n. 4 (citations omitted) (emphasis in original).

This language weighs in favor of our construction of subsection five's intent as being to provide appellate review only of the merits of an employee's summary judgment defense of immunity. Clearly, the same policy considerations articulated by Justice Cornyn do not apply to such defenses as truth, privilege, estoppel, and no tortious interference with contract as a matter of law.

■ In point of error one, Boozier contends that the trial court erred in denying

her motion for summary judgment because there were no genuine issues of material fact on her defenses of truth, official immunity, privilege, estoppel, and no tortious interference with contract as a matter of law. For the reason stated above, we will only consider the merits of her defense of official immunity.

■ Under this argument, Boozier notes that Hambrick's plea in intervention does not state whether he is suing her in her individual capacity or her official capacity. Boozier specially excepted to the plea, but the trial court denied the special exceptions. However, the defense of official immunity can apply to both suits brought against a defendant in his individual capacity, *see Esparza v. Diaz*, 802 S.W.2d 772, 778 (Tex.App.—Houston [14th Dist.] 1990, no writ), and to suits brought against a defendant in his official capacity, *see Bagg v. University of Texas Medical Branch*, 726 S.W.2d 582, 586 (Tex.App.—Houston [14th Dist.] 1987, writ ref'd n.r.e.).

■ Official immunity is an affirmative defense. *Perry v. Texas A & I University*, 737 S.W.2d 106, 110 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.); *Austin v. Hale*, 711 S.W.2d 64, 66 (Tex.App.—Waco 1986, no writ). As such, the burden is on the defendant to prove all of the elements. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984); *Perry*, 737 S.W.2d at 110.

■ To be entitled to a summary judgment on the affirmative defense of official immunity, a defendant must establish as a matter of law (1) that his action may be classified as quasi-judicial, and (2) that he acted in good faith within his authority as a quasi-judicial employee. *Wyse v. Dept. of Public Safety*, 733 S.W.2d 224, 227 (Tex. App.—Waco 1986, writ ref'd n.r.e.); *Austin*, 711 S.W.2d at 66. We consider first whether Boozier established that her actions were quasi-judicial in nature.

■ The determination of whether an act is quasi-judicial depends upon whether the act is discretionary or ministerial. *Esparza*, 802 S.W.2d at 778; *Wyse*, 733 S.W.2d at 227. Discretionary acts are qua-

si-judicial. *Id.; Austin*, 711 S.W.2d at 67. An act is discretionary if it requires personal deliberation, decision, and judgment. *Wyse*, 733 S.W.2d at 227; *Austin*, 711 S.W.2d at 67. An act is ministerial if it "require[s] obedience to orders or the performance of a duty as to which the actor is left no choice." *Wyse*, 733 S.W.2d at 227; *Austin*, 711 S.W.2d at 67.

■ When a police officer reports the misconduct of another to his or her superior, as Boozier did here, the officer performs a discretionary act. *See Esparza*, 802 S.W.2d at 779. Such an act, as well as the act of filing criminal charges, clearly calls for the officer's "personal deliberation, decision, and judgment."

We hold that Boozier's actions were discretionary, and thus quasi-judicial. We next consider whether Boozier acted in good faith.

■ Boozier attached her own affidavit to her motion for summary judgment. The affidavit includes testimony that serves as evidence she believes in the truthfulness of her allegations. Further, her affidavit states that, "As a police officer, for purposes of taking action regarding violations of criminal law, I am considered to be on duty 24 hours a day," and for that reason, she reported the incident and filed criminal charges.

Hambrick, however, also submitted an affidavit as evidence to support his response to Boozier's motion for summary judgment. In his affidavit, Hambrick states that Boozier's allegations are "outrageous lies." Hambrick denied, under oath, that he grabbed Boozier in the buttocks as she alleged.

Hambrick argues that a fact issue was raised by his affidavit regarding whether Boozier acted in good faith when she reported the alleged incident. In response, Boozier argues that Hambrick was estopped to deny the truthfulness of her allegation. For the reasons stated below, we agree with Boozier.

Boozier's summary judgment proof demonstrates that Hambrick was convicted in municipal court of assaulting Boozier in the

**598**

grabbing incident. It also demonstrates that Hambrick appealed his conviction to county criminal court at law, and that his appeal, which included four points of error, "came on for appellate review" and was unsuccessful; his conviction was affirmed.

As a result, Hambrick cannot contest the truthfulness of Boozier's allegation that he grabbed her buttocks. The rule and its rationale were explained in *McCormick v. Texas Commerce Bank Nat'l Ass'n*, 751 S.W.2d 887, 889–90 (Tex.App.—Houston [14th Dist.] 1988, writ denied), *cert. denied*, 491 U.S. 910, 109 S.Ct. 3199, 105 L.Ed.2d 706 (1989):

> [A] collateral attack, an attack on the validity of a judgment in a suit not instituted for that purpose, is an impermissible attempt to avoid the binding effect of a judgment. The federal courts have also concluded that a prior conviction may work an offensive collateral estoppel in a subsequent civil proceeding if the identical issues for which estoppel is sought were litigated and directly determined in the prior criminal proceeding. The doctrine is equitable; because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action.
>
> Where (i) the issue at stake was identical to that in the criminal case, (ii) the issue had been actually litigated, and (iii) determination of the issue was a critical and necessary part of the prior judgment, the judgment is established by offensive collateral estoppel ... When the requirements are satisfied, a party is estopped from attacking the judgment or any issue necessarily decided by the guilty verdict.

(citations omitted).

In applying the three-part test enunciated above, we conclude that, first, the issue at stake here, whether Hambrick grabbed Boozier's buttocks, is the same issue decided in the criminal case against Hambrick. Second, clearly, that issue was "actually litigated" in the criminal trial; it was what the trial was all about. Third, determination of that issue was obviously a "critical and necessary part" of the judgment.

Accordingly, we hold that Hambrick's conviction for grabbing Boozier's buttocks is conclusive on that issue as it is presented here, in a subsequent civil proceeding.[2] Hambrick is estopped from denying that Boozier's allegations were truthful, and therefore his affidavit, which states that Boozier lied in making the allegations, does not raise a fact issue on the question of Boozier's good faith in making them.

We hold that Boozier presented summary judgment evidence proving all the elements of her affirmative defense of official immunity as a matter of law, and Hambrick failed to raise a fact issue in his response. Therefore, Boozier was entitled to summary judgment.

We sustain point of error one. Our disposition of Boozier's first point of error makes it unnecessary for us to rule on her second point of error, and we decline to do so.

We reverse the judgment of the trial court and render judgment for Boozier.

---

**2.** We are cognizant of the rule that "a judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal *unless what is called an appeal actually consists of a trial de novo*" (emphasis added). *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex.1986); *Jackson v. Smith Security Serv., Inc.*, 786 S.W.2d 787, 788 (Tex.App.—Houston [1st Dist.] 1990, no writ). However, as indicated above, Hambrick's appeal of his conviction was an actual appeal, not a trial de novo.