**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

No. 95-50519
Summary Calendar

THOMAS M DUPONT

Plaintiff-Appellee

VERSUS

ROBERT LINDEN, Individually and in his official capacity
as Chief of Police of the City of Leander, Texas

Defendant-Appellant

Appeal from the United States District Court
For the Western District of Texas
(A-94-CV-828)
February 27, 1996

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[1]

Thomas M. Dupont sued Leander, Texas, Chief of Police Bolton Linden, individually and in his official capacity, for false arrest and unreasonable search and seizure in violation of the Fourth and Fifteenth Amendments and pendant state law claims of malicious prosecution and intentional infliction of emotional distress.

---

[1]Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Linden moved for summary judgment claiming that: (1) as an individual, he was entitled to qualified immunity from the constitutional claims and official immunity from the state-law claims; and, (2) the claims against Linden in his official capacity were actually claims against the City of Leander (City). The magistrate judge denied Linden's motion without a hearing and without supplying reasons.[2] We reverse and remand in part and dismiss in part.

Denial of Qualified Immunity

28 U.S.C. § 1291, grants jurisdiction to review denial of a claim of qualified immunity only if there are no genuine issues of material fact concerning the immunity claim. While we do not here recite the facts, the record is clear that no material fact relative to immunity is in issue.

Since the violation of a clearly established constitutional right is alleged, we must decide whether Linden's conduct was objectively reasonable, because "even if an official's conduct violates a constitutional right, he is entitled to qualified immunity if the conduct was objectively reasonable." Rankin v. Klevenhagen, 5 F.3d 103, 105 (5th Cir. 1993) (internal punctuation and citations omitted).

A claim for wrongful arrest arises under the Fourth Amendment,

---

[2]This Court has vacated and remanded for written findings where it determined that it could not effectively review the district court's summary judgment ruling without the benefit of the district court's reasoning. See Farrar v. Cain, 642 F.2d 86, 87 (5th Cir. 1981). Remand appears unnecessary in this case only because the parties do not dispute the material facts.

but not the Fourteenth. See Eugene v. Alief Independent School Dist., 65 F.3d 1299, 1303 (5th Cir. 1995). "There is no cause of action for false arrest under § 1983 unless the arresting officer lacked probable cause." Brown v. Bryan County, Okla., 67 F.3d 1174, 1180 (5th Cir.), petition for cert. filed, (Jan. 5, 1996) (No. 95-1100); Fields v. City of South Houston, Tex., 922 F.2d 1183, 1189 (5th Cir. 1991). An evaluation of probable cause must consider "the totality of the circumstances surrounding the arrest." Brown, 67 F.3d at 1180.

Dupont's argument that Linden was not objectively reasonable because he swore out the complaint based on statements that the victim made to others lacks merit. Linden properly relied on the collective knowledge of all of the police officers involved in the investigation. Charles v. Smith, 894 F.2d 718, 724 (5th Cir.), cert. denied, 498 U.S. 957 (1990). A defendant is "entitled to qualified immunity [from a claim of false arrest] unless, on an objective basis, it is obvious that no reasonably competent officer would have concluded that a warrant should issue." Pfannstiel v. City of Marion, 918 F.2d 1178, 1183 (5th Cir. 1990) (internal quotations and citation omitted). "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." Malley v. Briggs, 475 U.S. 335, 344-45 (1986) (internal citation omitted). Such is not the case here.

Allegations of malicious prosecution in a criminal case are actionable under § 1983. Sanders v. English, 950 F.2d 1152, 1162-

3

64 (5th Cir. 1992). "The essence of a malicious prosecution claim is groundless prosecution." Brummett v. Camble, 946 F.2d 1178, 1183 (5th Cir. 1991), cert. denied 504 U.S. 965 (1992). A police officer can be liable for malicious prosecution if he "maliciously tender[s] false information to the prosecutor which leads him to believe probable cause exists where there is none." Sanders, 950 F.2d at 1163 (quotation and citation omitted).

The facts clearly show that Linden's conduct was objectively reasonable and that there is no evidence that he acted maliciously; thus, the district court erred as a matter of law when it denied his motion for qualified immunity. Rankin, 5 F.3d at 105.

Official-Capacity Constitutional Claims

The defense of qualified immunity does not apply to the constitutional claims against Linden in his capacity as Chief of Police because those claims are actually claims against the City. Kentucky v. Graham, 473 U.S. 159, 166-67 (1985); Sanders, 950 F.2d at 1159 n.3. The denial of summary judgment on those claims is therefore not a final appealable order, and this Court lacks jurisdiction. Swint v. Chambers County Com'n, 115 S. Ct. 1203, 1205 (1995); see 21 U.S.C. § 1291.

Individual-Capacity State Law Claims

Linden asserts the state-law defense of official immunity against the state-law claims of malicious prosecution and false arrest made against him as an individual. He argues that the denial of immunity under this theory is immediately appealable under § 1291.

4

"Appealability under § 1291 . . . is clearly a matter of federal law; state procedural law is not directly controlling." Tamez v. City of San Marcos, 62 F.3d 123, 125 (5th Cir. 1995) (quotation and citation omitted). However, we look to state procedural rules "for what they reveal about the state's view on the substantive issue of whether qualified immunity is an immunity form suit or merely a defense to liability." Id. (quotation and citation omitted). Under Texas law, a state officer sued in his individual capacity is entitled to an immediate appeal of the denial of his motion for summary judgment based on the defense of official immunity. See Gallia v. Schreiber, 907 S.W.2d 864, 867 (Tex. App. 1995); Tex. Civ. Prac. & Rem. Code Ann. § 51.014(5) (West Supp. 1996). Section 51.014(5) is not merely a defense to liability; it confers immunity from suit. Boozier v. Hambrick, 846 S.W.2d 593, 596 (Tex. App. 1993).

To be entitled to this protection under Texas law, the defendant must establish as a matter of law (1) that his action was discretionary, and thus, quasi-judicial; and (2) that he acted in good faith within his authority as a quasi-judicial employee. Boozier, 846 S.W.2d at 597.

To prevail on a claim of malicious prosecution under Texas law, the plaintiff must prove, *inter alia*, that the defendant lacked probable cause to prosecute him. Coniglio v. Snyder, 756 S.W.2d 743, 744 (Tex. App. 1988); see also Martin v. Thomas, 973 F.2d 449, 455 (5th Cir. 1992). To prevail on a claim of intentional infliction of emotional distress under Texas law, the

5

plaintiff must prove, *inter alia*, that the defendant acted intentionally or recklessly and that his conduct was extreme and outrageous. <u>Turner v. Roadway Express, Inc.</u>, 911 S.W.2d 224, 227 (Tex. App. 1995).

Because the material facts are not disputed, the denial of Linden's claims of official immunity would be immediately appealable in a state court. We, therefore, consider them. The undisputed facts show that the district court erred by denying summary judgment on this issue; Linden is entitled to official immunity from Dupont's state-law claims because he acted in good faith in the performance of a discretionary function. <u>Boozier</u>, 846 S.W.2d at 597.

<u>Official-Capacity State Law Claims</u>

Dupont concedes that he is not entitled to maintain state-law claims against Linden in his official capacity. This issue is moot.

We reverse the denial of summary judgment on federal constitutional and state-law claims against Linden as an individual and remand with instructions to grant his motion for summary judgment as to those claims; dismiss appeal of denial of summary judgment on constitutional claims against Linden in his official capacity for lack of jurisdiction; and dismiss appeal of denial of summary judgment on state law claims against Linden in his official capacity as moot.

REVERSED and REMANDED in part and appeal DISMISSED in part.