Charles XELLER and Medical
Evaluation Specialists,
Inc., Appellants,

v.

Richard LOCKE, Appellee.

No. 14–99–00491–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 21, 2000.

Teresa I. Ford, The Woodlands, for appellants.

Robert Shults, Katherine Taylor Mize, Michael Kerensky, Houston, for appellees.

Panel consists of Justices ANDERSON, FOWLER, and EDELMAN.

## OPINION

ANDERSON, Justice.

In this case, we must decide whether a doctor designated by the Texas Workers' Compensation Commission ("the Commission") to examine an injured worker may bring an interlocutory appeal from the denial of that doctor's motion for summary judgment in a suit brought by the worker. Dr. Charles Xeller and Medical Evaluation Specialists, Inc. ("MES") seek to appeal from the district court's order denying their motions for summary judgment, which sought dismissal of claims asserted by appellee Richard Locke. Appellants Xeller and MES assert that this court has jurisdiction under Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(5)(Vernon 1997). We dismiss this appeal for lack of jurisdiction.

### Background

Locke filed a workers' compensation claim against Highlands Casualty Company ("Highlands"). Highlands disputed the permanent impairment rating assessed by Locke's physician. The Commission selected Xeller as the "designated doctor" to examine Locke. *See* Tex. Lab.Code Ann. §§ 401.011(15), 408.122, 408.125 (Vernon 1996). Xeller examined Locke at the facilities of MES, which provides administrative support services for physicians. Xeller found that Locke had a 0% impairment rating. Locke contested Xeller's opinion, and the Commission ultimately reinstated the 19% impairment rating found by Locke's physician.

Highlands appealed the Commission's decision to the district court. Locke filed counterclaims against Highlands and third-party claims against MES and Xeller, alleging that these parties "perpetrated a fraud and engaged in a civil conspiracy" to deprive Locke of benefits. Locke alleged intentional infliction of emotional distress and breach of a duty of good faith and fair

dealing. Highlands dismissed its appeal and paid benefits to Locke.

The district court denied appellants' motions for summary judgment, which asserted, among other things, immunity under section 413.054 of the Texas Labor Code. *See* Tex. Lab.Code Ann. § 413.054 (Vernon 1996). Appellants seek to appeal from this order under section 51.014(a)(5) of the Texas Civil Practice & Remedies Code. Locke has filed a motion to dismiss for lack of jurisdiction, alleging that appellants are not state employees and that this court has no jurisdiction under section 51.014(a)(5). Appellants have responded by arguing that: (1) jurisdiction is proper under two cases—*Gallia v. Schreiber*, 907 S.W.2d 864 (Tex.App.—Houston [1st Dist.] 1995, no writ) and *Boozier v. Hambrick*, 846 S.W.2d 593 (Tex.App.—Houston [1st Dist.] 1993, no writ); (2) jurisdiction is proper because Xeller was "doing the bidding" of the Commission and was "for all intents and purposes" an employee of the Commission while acting as a "designated doctor"; (3) denying designated doctors an interlocutory appeal would render section 413.054 meaningless; (4) public policy supports jurisdiction; and (5) Locke has waived the right to complain about jurisdiction.

### Plain Meaning of § 51.014(a)(5) of the CPRC

■ Section 51.014(a)(5) allows an "appeal from an interlocutory order ... that ... denies a motion for summary judgment that is based on an assertion of immunity by ... an officer or employee of the state or a political subdivision of the state." § 51.014(a)(5). Because this statute is unambiguous, we must give effect to the plain meaning of the statute. *See Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex.1994). Under the plain meaning of the statute, Xeller and MES must be officers or employees of the state or a political subdivision of the state[1] for this court to

---

1. Hereinafter, all references to "the state" include "the state" and "political subdivisions of the state."

have jurisdiction under section 51.014(a)(5).

## Are Appellants Officers or Employees of the State?

■ The relevant statute does not define "officer" or "employee." *See* § 51.014(a)(5). In the absence of a legislative definition, we determine whether Xeller and MES are within the scope of this statute based on common law principles. *See Willis v. Maverick,* 760 S.W.2d 642, 644 (Tex.1988).

■ To be an officer of the state, a person must perform a sovereign function of the government. *See Dunbar v. Brazoria County,* 224 S.W.2d 738, 740–41 (Tex. Civ.App.—Galveston, 1949 writ ref'd). Appellants have not asserted that they are public officers, and the record does not indicate that appellants are public officers. The description of a "designated doctor" in the Texas Workers' Compensation Act does not indicate that a "designated doctor" is a public officer. *See* TEX. LAB.CODE ANN. § 401.001, *et seq.* (Vernon 1996) ("TWCA"). We hold that appellants are not officers of the state under section 51.014(a)(5).

■ To determine whether appellants are employees of the state, this court looks at whether the state has the right to control the progress of appellants' work and the details of how their work is done. *See Thompson v. Travelers Indem. Co. of Rhode Island,* 789 S.W.2d 277, 278–79 (Tex.1990). We look at the following factors to determine if the state has this right of control over appellants: (1) whether appellants have a business independent from the services that they render for the state; (2) who provides the tools, supplies, and materials necessary to perform appellants' services; (3) who controls the specific means and details of the services that appellants provide; (4) the amount of time it takes to perform appellants' services and the regularity with which appellants render these services; (5) whether appellants

are paid based on the amount of time that they work or by the job. *See id; Pitchfork Land & Cattle Co. v. King,* 162 Tex. 331, 346 S.W.2d 598, 602–3 (1961).

In the district court, Xeller and MES did not allege that they are employees of the state. On the contrary, the motion for summary judgment filed by MES states that "MES, a general business corporation, provides non-medical administrative and management support services only, including facilities, to professionals such as Dr. Xeller, who, *as independent contractors,* perform independent medical evaluations under the [TWCA]" (emphasis added). Appellants noted that the Commission selects designated doctors from a pool of hundreds of qualified doctors. Xeller's report was issued on his own letterhead and describes the results of Xeller's "independent medical evaluation" of Locke. None of the summary judgment evidence indicates that Xeller and MES are employees of the state.

■ Faced with a motion to dismiss this appeal alleging that appellants are not employees of the state, appellants still have not alleged that they are employees of the state. In fact, during oral argument, appellants conceded that they are not employees of the state. Appellants argue, however, that the state exercises significant control over Xeller and that Xeller is "for all intents and purposes" an employee of the state. During oral argument, appellants invited this court to create a legal fiction that appellants are employees of the state, given this alleged control and given Xeller's qualified immunity from liability under section 413.054. We decline this invitation. In determining whether appellants are employees of the state, we will not indulge in a legal fiction. When construing a statute that establishes appellate jurisdiction, this court cannot expand its jurisdiction beyond that conferred by the legislature. *See Polaris Inv. Mgmt. Corp. v. Abascal,* 892 S.W.2d 860, 862 (Tex.1995). In applying the plain meaning of a statute's language, this court

may not, by implication, enlarge the definition of any word in the statute beyond its ordinary meaning. *See Sorokolit*, 889 S.W.2d at 241. For this court to have jurisdiction, among other things, appellants must be officers or employees of the state. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5) (Vernon 1997).

After reviewing the allegations and arguments of the parties, the evidence, and the relevant statutes, we conclude that appellants are not employees of the state.[2] Although the Commission sets a fee schedule for the amount of compensation to be paid, insurance carriers—not the state—pay these fees to the designated doctors. The state has not paid any compensation to appellants regarding the evaluation of Locke. Xeller is engaged in the practice of medicine independent from the evaluations that he performs as a designated doctor under the TWCA. Xeller is responsible for providing the office space, equipment, and supplies necessary to perform his evaluations. The Commission requires that Xeller perform evaluations under the "Guides to the Evaluation of Permanent Impairment" published by the American Medical Association ("Guidelines"). By these Guidelines, the Commission specifies the type of evaluation to be performed by the designated doctors. The use of these Guidelines, however, does not show an exercise of control by the Commission over the specific means by which Xeller performs his evaluations. Indeed, in their response to Locke's motion to dismiss, appellants state that, in this case, the Commission did not control the manner in which Xeller rendered his professional services and examined Locke.

In comparison to a doctor's overall practice, one of these evaluations does not appear to take a significant amount of time, and the state does not set the exact time for Xeller to perform his services. Xeller is paid a fixed fee for each evaluation rather than a salary based on the amount of time that he works. Under these circumstances, Xeller and MES are not employees of the state. *See Thompson*, 789 S.W.2d at 278; *Pitchfork Land & Cattle Co.*, 346 S.W.2d at 602–3; *see also GAB Bus. Servs., Inc. v. Moore*, 829 S.W.2d 345, 350 (Tex.App.—Texarkana 1992, no writ)(adjuster of insurance under the TWCA was a private party rather than a state employee); *Harris v. Galveston County*, 799 S.W.2d 766, 768 (Tex.App.—Houston [14th Dist.] 1990, writ denied)(doctors are generally independent contractors as to hospitals at which they have staff privileges); Tex. Civ. Prac. & Rem. Code § 101.001(2) (Vernon Supp.1999)(defining an "employee" under the Texas Tort Claims Act as an officer or agent in the paid service of the state, excluding both independent contractors and persons over whom the state does not have a legal right of control). Because appellants are not officers or employees of the state, this court does not have jurisdiction over this interlocutory appeal under section 51.014(a)(5). *See Espinola v. Latting*, 971 S.W.2d 144, 145 (Tex.App.—Waco 1998, no pet.)(appeal dismissed for lack of jurisdiction, even though appellant alleged immunity, because appellant was not a state employee).

Appellants nevertheless contend that this court has jurisdiction over this appeal under two cases-*Gallia v. Schreiber*, 907 S.W.2d 864 (Tex.App.—Houston [1st Dist.] 1995, no writ) and *Boozier v. Hambrick*, 846 S.W.2d 593 (Tex.App.—Houston [1st Dist.] 1993, no writ). These cases do not support jurisdiction here. *Gallia* and *Boozier* are not on point because they both involve appeals in which the undisputed evidence showed that the appellant *was* an employee of the state at the time of the

---

**2.** The Commission filed an amicus curiae brief urging this court to enforce the statutory immunity granted under section 413.054. The Commission's brief, however, is silent on the issues of whether appellants are officers or employees of the state and whether this court has jurisdiction.

occurrence made the basis of the suit. *See Gallia*, 907 S.W.2d at 868; *Boozier*, 846 S.W.2d at 595–96. Appellants are *not* and were not officers or employees of the state, and therefore, they cannot appeal under section 51.014(a)(5).

### Does the TWCA Give This Court Appellate Jurisdiction?

 Appellants also argue that designated doctors must have the right to an interlocutory appeal because this right is needed to further the policies of the TWCA and to avoid making section 413.054 meaningless. We reject this argument. Denying designated doctors an interlocutory appeal does not make section 413.054 meaningless.

 This court must strictly construe statutes allegedly authorizing interlocutory appeals. *Univ. of Houston v. Elthon*, 9 S.W.3d 351, 354 (Tex.App.—Houston [14th Dist.] 1999, pet. dism. w.o.j.). Interlocutory orders are not appealable unless explicitly made so by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998). When construing a statute that establishes appellate jurisdiction, this court cannot expand its jurisdiction beyond that conferred by the legislature. *Jani–King of Memphis, Inc. v. Yates*, 965 S.W.2d 665, 668 (Tex.App.—Houston [14th Dist.] 1998, no pet.).

A person performing services as a designated doctor "has the same immunity from liability as a commission member under Section 402.010." Tex. Lab.Code Ann. § 413.054. Appellants argue that, because commission members have a right to interlocutory appeal, designated doctors must also have this right. This argument fails because section 413.054 only confers "immunity from liability" upon designated doctors. § 413.054. Section 51.014, however, does not give appellants the right to an interlocutory appeal. The TWCA, including sections 402.010 and 413.054, does not give commission members or designated doctors any right to an interlocutory appeal. The TWCA does not give this court appellate jurisdiction.

 Denying appellants access to an interlocutory appeal does not make section 413.054 meaningless; rather, it gives effect to the unambiguous language of this statute. Designated doctors have the same "immunity from liability" as a commission member under section 402.010. *See* § 413.054. This immunity is a meaningful defense. The unambiguous language of section 413.054 does not give designated doctors the right to file an interlocutory appeal. The Supreme Court of Texas has stated that "[i]mmunity from liability and immunity from suit are two distinct principles." *See Texas Dept. of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). The term "immunity from suit" has been associated with the right of persons claiming qualified immunity to file interlocutory appeals in federal court; whereas "immunity from liability" refers to the defense on the merits. *See Foster v. City of Lake Jackson*, 28 F.3d 425, 428 (5th Cir. 1994). To give designated doctors a right to an interlocutory appeal, the legislature must explicitly confer this right in a statute. *See Stary*, 967 S.W.2d at 352–53; *Jani–King of Memphis, Inc.*, 965 S.W.2d at 668. To date, the legislature has not done so. No matter how much public policy might favor appellate jurisdiction in this case, this court has no power to create appellate jurisdiction. *See Stary*, 967 S.W.2d at 352–53; *Jani–King of Memphis, Inc.*, 965 S.W.2d at 668. Such arguments should be addressed to the legislature.

### Waiver

 Appellants incorrectly assert that Locke has waived his right to complain of this court's lack of jurisdiction. Lack of appellate jurisdiction can be raised at any time. *See Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 445–46 (Tex.1993). In any event, Locke asserted that this court lacks jurisdiction in his brief and in his motion to dismiss.

## Conclusion

Appellants are not entitled to file an interlocutory appeal under section 51.014 of the Texas Civil Practice & Remedies Code or under the TWCA. Without expressing any opinion on the merits of this case, we grant Locke's motion to dismiss. This case is dismissed for lack of jurisdiction.