**Reversed and Remanded and Majority Opinion filed August 23, 2022.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-20-00656-CV

---

### BRADLEY KRAUSE, Appellant

### V.

### KENNETH MAYES, Appellee

---

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1148670**

---

# M A J O R I T Y O P I N I O N[1]

An employee of a city appeals the trial court's denial of his Rule 91a motion to dismiss in which he seeks dismissal of the plaintiff's negligence claim against him based on the immunity provided to him under section 101.106 of the Civil Practice and Remedies Code. Concluding that the trial court erred in denying the employee's motion, we reverse the trial court's order and remand for further proceedings.

---

[1] Justice Poissant concurs in the judgment only.

## I.  Factual and Procedural Background

Appellee/plaintiff Kenneth Mayes alleges that on January 8, 2018, he was injured in an automobile accident with appellant/defendant Bradley Krause, a Houston police officer, when Krause allegedly "suddenly u-turned his vehicle in front of [Mayes] causing a collision." One day short of the two-year statute of limitations, Mayes filed suit and asserted that at the time of the collision, Krause "was thought to be working in the scope of his employment with the City of Houston." Mayes asserted negligence claims and named both Krause and the City of Houston (the "City") as defendants. Mayes amended his petition twice, continuing to assert negligence claims against Krause and the City. In his Second Amended Original Petition, Mayes alleged that at the time of the collision, Krause "was working within the scope of his employment with the [City]."

The City was served with process on May 6, 2020.[2] The City answered and filed a motion to dismiss Mayes's claim against Krause under section 101.106(e) of the Civil Practice and Remedies Code. The City also filed a summary-judgment motion seeking dismissal of Mayes's claim against the City based on the statute of limitations.

In Mayes's response to the City's motion to dismiss the claim against Krause, Mayes stated that he was responding to this motion by providing notice of non-suit of his claim against the City. Mayes filed a notice of non-suit of his claim against the City "[s]o as to conform with the Texas Tort Claims Act . . . and preserve [Mays's] right to pursue [his] claim against [Krause]." The trial court signed an interlocutory order granting a non-suit without prejudice of Mayes's

---

[2] In his original petition, Mayes incorrectly identified former Harris County Judge Ed Emmett as the City's agent for service of process, which according to Mayes, caused "a delay in delivery of service of process."

claim against the City.

After Krause was served with process, he answered asserting that section 101.106 of the Civil Practice and Remedies Code barred Mayes's claim against him and asserting governmental immunity from suit. Krause also filed a motion to dismiss Mayes's claim against him under Texas Rule of Civil Procedure 91a. In the motion Krause asserted that even taking as true all the allegations in Mayes's live petition, Mayes's claim against Krause had no basis in law because under section 101.106 of the Civil Practice and Remedies Code, by suing both Krause and the City, Mayes had irrevocably elected to seek his remedy only against the City and is forever barred from suing Krause. This was the sole ground for dismissal in Krause's motion.

Mayes responded in opposition asserting that (1) when Mayes filed suit one day before expiration of the statute of limitations, he did not know whether Krause could be served timely because Krause had been uncooperative in Mayes's efforts to effect service of process; (2) therefore, to ensure that Mayes could obtain timely service of process on a party, Mayes named the City as a defendant; (3) Krause continues to reserve his right to argue that he was not acting in the course and scope of his employment when the accident occurred; therefore, Mayes was forced to sue Krause to preserve Mayes's claim against Krause in the event that Krause was not acting in the course and scope of his employment.

The trial court signed an order denying Krause's Rule 91a motion and stating that Mayes's petition "does not allege a [claim] against the City." Based on this premise, the trial court concluded that section 101.106(a) of the Civil Practice and Remedies Code "does not apply."

Krause timely filed a notice of interlocutory appeal under section 51.014(a)(5) of the Civil Practice and Remedies Code.

3

## II. ISSUES AND ANALYSIS

### A.  Does this court have appellate jurisdiction under section 51.014(a)(5)?

Although neither party contends that this court lacks appellate jurisdiction, we have a duty to assess our own jurisdiction sua sponte. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004). The order from which Krause appeals is an interlocutory order, and this court has jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly provides appellate jurisdiction. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998). This Court generally does not have jurisdiction over an appeal from an interlocutory order denying a Rule 91a motion to dismiss. *See Guerra v. Quiroz*, No. 14-19-00228-CV, 2020 WL 548350, at *1 (Tex. App.—Houston [14th Dist.] Feb. 4, 2020, no pet.) (mem. op.).  But an order denying a Rule 91a motion may be the subject of an interlocutory appeal if a statute explicitly provides for an interlocutory appeal from a ruling in the order.  *See id*.

Krause seeks to appeal the trial court's order denying his Rule 91a motion to dismiss under section 51.014(a)(5) of the Civil Practice and Remedies Code, which permits an appeal from an interlocutory order in which a county court at law "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." *Id*. Though this statute mentions only a motion for summary judgment, the Supreme Court of Texas has concluded that section 51.014(a)(5) provides for an interlocutory appeal by an officer or employee of the state or a political subdivision thereof from an order denying an assertion of immunity, regardless of the procedural vehicle used. *Austin State Hosp. v. Graham*, 347 S.W.3d 298, 301 (Tex. 2011). The high court has held that section 51.014(a)(5) provides for an interlocutory appeal in a case in which the procedural

vehicle was a motion to dismiss under section 101.106 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106 (West, Westlaw through 2021 C.S.); *Austin State Hosp.*, 347 S.W.3d at 301.

The only basis for dismissal Krause asserted in his Rule 91a motion was the election-of-remedies provision in section 101.106. *See* Tex. Civ. Prac. & Rem. Code Ann. § 101.106. By invoking this election-of-remedies provision, Krause raised the issue of his immunity under this statute. *See Franka v. Velasquez*, 332 S.W.3d 367, 371 n.9 (Tex. 2011) (stating that a motion for summary judgment by an employee of a governmental unit based on section 101.106(f) asserted a claim of governmental immunity); *Austin State Hosp.*, 347 S.W.3d at 299–301 (concluding that section 51.014(a)(5) provides for an interlocutory appeal of an order denying a motion to dismiss by the employees of a governmental unit based on section 101.106(e)). It is undisputed that Krause is an employee of the City, which is a political subdivision of the State. *See Dohlen v. City of San Antonio*, 643 S.W.3d 387, 392 (Tex. 2022). Thus, we have jurisdiction over this appeal because section 51.014(a)(5) provides for an interlocutory appeal by Krause from the trial court's order denying his assertion of immunity under section 101.106 in his Rule 91a motion. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 51.014(a)(5), 101.106; *Austin State Hosp.*, 347 S.W.3d at 301; *Hung v. Davis*, No. 01-20-00746-CV, 2022 WL 1008805, at *2–3 (Tex. App.—Houston [1st Dist.] Apr. 5, 2022, no pet.) (mem. op.).

## B. Did the trial court err in denying Krause's motion?

In his sole appellate issue, Krause asserts that the trial court erred in denying his Rule 91a motion because by suing both Krause and the City, Mayes irrevocably elected to pursue his claims against the City only and is forever barred from asserting any claims against Krause.

### 1. Standard of Review

Rule 91a provides a mechanism for early dismissal of a claim that has no basis in law or fact. *See* Tex. R. Civ. P. 91a.1. Courts generally review the merits of a Rule 91a motion de novo. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). But the proper standard of review is not necessarily determined by the type of motion to which the order relates, but rather it is determined by the substance of the issue to be reviewed. *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2008, pet. denied).

Here, Krause's Rule 91a motion raised an issue of immunity as conferred by Section 101.106 of the Civil Practice and Remedies Code. If that immunity applies, the trial court lacks subject-matter jurisdiction over Mayes's negligence claim against Krause. *See Franka*, 332 S.W.3d at 371 n.9; *Hung*, 2022 WL 1008805, at *3; *Singleton*, 267 S.W.3d at 550. Subject-matter jurisdiction is a question of law which we review de novo. Likewise, matters of statutory construction are reviewed under a de novo standard. *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003).

### 2. Applicable Law

The Texas Tort Claims Act ("Tort Claims Act") provides a limited waiver of the City's governmental immunity for certain suits. *See* Tex. Civ. Prac. & Rem. Code Ann. §§101.001–101.109 (West, Westlaw through 2021 C.S.); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The Tort Claims Act generally waives governmental immunity to the extent that liability arises from:

> (1) property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if:

6

(A) the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and

(B) the employee would be personally liable to the claimant according to Texas law[.]

Tex. Civ. Prac. & Rem. Code Ann. §101.021(1). After the Texas Legislature enacted the Tort Claims Act, plaintiffs often sought to avoid the Tort Claims Act's damages cap or other strictures by suing governmental employees, since claims against them were not always subject to the Tort Claims Act. *Garcia*, 253 S.W.3d at 656. In 2003, to prevent such circumvention and to protect governmental employees, the Texas Legislature revised section 101.106 to create a comprehensive election-of-remedies provision, which requires a plaintiff to decide on a theory of tort liability before filing suit. Tex. Civ. Prac. & Rem. Code Ann. §101.106; *Univ. of Tex. Health & Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 536 (Tex. 2017). The election-of-remedies provision requires a plaintiff to decide at the outset whether an employee acted independently and thus is solely liable, or acted within the general scope of his or her employment, and thus the governmental unit is vicariously liable. *Rios*, 542 S.W.3d at 536. "This early-election requirement 'reduce[s] the delay and expense associated with allowing plaintiffs to plead alternatively that the governmental unit is liable because its employee acted within the scope of his or her authority but, if not, that the employee acted independently and is individually liable.'" *Rios*, 542 S.W.3d at 536–37 (quoting *Garcia*, 253 S.W.3d at 657). The Supreme Court of Texas has warned that a plantiff's decision as to whom to sue has irrevocable consequences, and therefore a plaintiff should proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually. *See Rios*, 542 S.W.3d at 537.

7

In this appeal, we are concerned primarily with subsection (e) of the election-of-remedies provision:

> If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

Tex. Civ. Prac. & Rem. Code Ann. §101.106(e). In other words, when a plaintiff sues both a governmental unit and its employee asserting tort claims, subsection (e) requires the immediate dismissal of the employee upon the governmental unit's motion. *See Rios*, 542 S.W.3d at 537. This requirement effectively makes a plaintiff's apparent nonchoice an election to sue only the governmental unit. *Id*.

### 3. *Analysis*

Krause argues that section 101.106(e) bars Mayes's negligence claim against him because Mayes sued both the City, a governmental unit, and Krause, the governmental unit's employee, for negligence. We agree. By pleading negligence claims against both the City and Krause that were premised on Krause's alleged actions in the scope of his employment with the City, Mayes made an irrevocable election to pursue a vicarious liability theory against the City. *See* Tex. Civ. Prac. & Rem. Code Ann. §101.106; *Rios*, 542 S.W.3d at 538–39; *Hung*, 2022 WL 1008805, at *4. The City's motion to dismiss Krause under section 101.106(e) confirmed Krause's status as an employee and triggered his right to dismissal from the lawsuit. *See Rios*, 542 S.W.3d at 538–39; *Texas Adjutant General's Office v. Ngakoue*, 408 S.W.3d 350, 358 (Tex. 2013) (stating that the filing of the governmental unit's motion to dismiss under section 101.106(e) effectively confirmed employee's status and actions within course and scope of employment).

The trial court's statements in its order indicate that the trial court concluded that Mayes's nonsuit of his claim against the City meant that section 101.106 no longer applied. Any such conclusion by the trial court conflicts with binding

8

precedent from the Supreme Court of Texas. In *Rios*, the plaintiff, a first-year medical resident, sued the University of Texas Health Science Center at Houston and several of its faculty doctors, alleging that they tried to discredit his reputation and harm his future career in medicine. *Rios*, 542 S.W.3d at 532. The plaintiff alleged contract claims against the Center and tort claims against the Center and the doctors. *Id.* The Attorney General answered for the defendants and moved to dismiss all but the tort claims against the Center. *Id.* As to the tort claims against the doctors, the Attorney General's motion sought dismissal under section 101.106(e). *Id.* at 532–33. The plaintiff responded by amending his petition to drop his tort claims against the Center, leaving the doctors as the only tort defendants, and thus no longer suing under the Tort Claims Act "both a governmental unit and any of its employees." Tex. Civ. Prac. & Rem. Code Ann. §101.106(e); *Rios*, 542 S.W.3d at 533. The trial court denied dismissal of the tort claims against the doctors, and the court of appeals affirmed. *Id.*

The Supreme Court of Texas held that the trial court erred in denying dismissal of the plaintiff's tort claims against the doctors. *Id.* at 539. The high court determined that the plaintiff's action in amending his petition to drop his tort claims against the Center did not deny the doctors or the Center a ruling on their motion to dismiss under section 101.106(e) as to the claims against the doctors. *Id.* at 537–38. The *Rios* court determined that the filing of a motion to dismiss, not its content, triggers the employee's right to dismissal under section 101.106(e). *Id.* at 538. And the statutory right to dismissal "is not impaired by later amendments to the pleadings or motion." *Id.* at 532. Thus, as to the plaintiff's claims:

> [The plaintiff] made an irrevocable election to pursue a vicarious-liability theory against the Center by alleging in his original petition state-law tort claims against both the Center and the [d]octors that were premised on the [d]octors[ ] being Center employees. [The] motion to dismiss the [d]octors under subsection (e) of the Act's

9

election-of-remedies provision confirmed the [d]octors' status as employees and accrued their right to dismissal from the lawsuit. [The plaintiff] could not avoid this result by amending his petition to drop the tort claims against the Center[.]

*Id.* at 538; *see also Austin State Hosp.*, 347 S.W.3d at 301 (holding that even though plaintiff nonsuited his claims against the governmental unit after the governmental unit and its employees had moved to dismiss the claims against the employees under section 101.106(e), the filing of the governmental unit's motion to dismiss triggered the employees' right to dismissal of the claims against them under section 101.106(e), and the nonsuit did not prevent the employees from obtaining a ruling on their motion to dismiss).

Krause's right under section 101.106(e) to immunity and dismissal of Mayes's negligence claim accrued upon the filing of the City's motion to dismiss. *See* Tex. Civ. Prac. & Rem. Code Ann. §101.106(e); *Rios*, 542 S.W.3d at 538; *Hung*, 2022 WL 1008805, at *6. This was an irrevocable consequence of Mayes's election to sue both the City and Krause based on Krause's alleged negligence. *See* Tex. Civ. Prac. & Rem. Code Ann. §101.106(e); *Rios*, 542 S.W.3d at 536–37; *Hung*, 2022 WL 1008805, at *6. Mayes could not avoid this consequence by nonsuiting his claim against the City. *See Rios*, 542 S.W.3d at 537–38; *Austin State Hosp.*, 347 S.W.3d at 301; *Hung*, 2022 WL 1008805, at *6.

On appeal, Mayes asserts that (1) he consulted with his current counsel ten days before the expiration of the statute of limitations; (2) Krause and the City sought to "create service [of process] inefficiencies"; and (3) when Mayes filed his original petition, it was not possible for him to discern whether Krause was acting in the course and scope of his employment with the City at the time of the accident. In this context, Mayes contends that the only way to preserve both a vicarious liability claim against the City and a claim against Krause in the event he was not acting in the course and scope of his employment was to sue both Krause and the

10

City, so that Mayes might timely effect service of process on both parties and preserve his right to pursue either claim. The Supreme Court of Texas does not agree with this reasoning.

The Supreme Court has admonished that a plaintiff should proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually. *Molina v. Alvarado*, 463 S.W.3d 867, 871 (Tex. 2015). However, the high court has recognized that a plaintiff "may not be in the position of knowing whether the [employee] was acting within the scope of employment" when the plaintiff files suit. *Ngakoue*, 408 S.W.3d at 359. The high court has recommended that if at the time a plaintiff files suit the plaintiff possesses insufficient information to determine whether the employee was acting within the scope of his employment at time of the occurrence giving rise to the plaintiff's tort claim, the prudent choice is to sue only the employee and await a factual resolution of that question. *See* Tex. Civ. Prac. & Rem. Code Ann. §101.106(f); *Molina*, 463 S.W.3d at 871; *Alexander v. Walker,* 435 S.W.3d 789, 791 (Tex. 2014). Section 101.106(f) provides that if a plaintiff's suit is "filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment" and "could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only." Tex. Civ. Prac. & Rem. Code Ann. §101.106(f). A suit against an employee based on conduct within the general scope of that employee's employment is not a suit against the employee; it is, "in all but name only, a suit against the governmental unit." *Ngakoue*, 408 S.W.3d at 357. Conversely, suits against an employee based on conduct outside the scope of employment are suits against an employee in his individual capacity and seek personal liability. *Molina*, 463 S.W.3d at 871.

If a plaintiff sues only the employee of a governmental unit and it turns out that the conduct giving rise to the suit occurred outside the scope of employment, the plaintiff may proceed with the claim against the employee in the employee's individual capacity. *See id*. If it turns out that the conduct giving rise to the suit occurred within the general scope of that employee's employment, the plaintiff has an opportunity under section 101.106(f) to substitute the governmental unit in place of the employee as the defendant, and the filing of suit and service of process on the employee are effectively considered as the filing of suit and service of process on the governmental unit for purposes of the statute of limitations. *See Univ. of Tex. Health. Sci. Ctr. at San Antonio v. Bailey*, 332 S.W.3d 395, 401–02 (Tex. 2011). Thus, if the statute of limitations did not bar the plaintiff's claim against the employee, the statute of limitations will not bar the plaintiff's claim against the governmental unit substituted in as a defendant, even if the substitution occurs after limitations has run. *See id*. Under these precedents, Mayes did not have to sue the City in his original petition to avoid the bar of limitations in the event it turned out that Krause was acting in the general scope of his employment with the City at the time of the accident. *See id*.; *Ngakoue*, 408 S.W.3d at 357–59.

Mayes indicates that the *Molina* case is distinguishable from today's case because the employee's alleged negligence in *Molina* involved driving a vehicle under the influence of alcohol and Mayes does not allege that Krause drove his vehicle under the influence of alcohol. This difference in the factual allegations does not mean that the *Molina* court's teachings about the operation of section 101.106 do not apply in today's case. *See Molina*, 463 S.W.3d at 869–71.

By alleging common-law tort claims against the City and Krause premised on Krause being an employee of the City, Mayes made an irrevocable election to pursue a vicarious-liability theory against the City. The City's motion to dismiss

12

Krause under section 101.106(e) triggered Krause's right to dismissal from the lawsuit based on immunity. *See Rios*, 542 S.W.3d at 538; *Hung*, 2022 WL 1008805, at *6. We conclude that the trial court erred by denying Krause's Rule 91a motion. *See Rios*, 542 S.W.3d at 536–38; *Austin State Hosp.*, 347 S.W.3d at 301; *Hung*, 2022 WL 1008805, at *6. Therefore, we sustain Krause's sole issue.

## C.     Should this court remand the case to the trial court for further proceedings?

In the prayer of his appellate brief, Mayes appears to ask this court to set aside his non-suit of the City and allow Mayes to reinstate his negligence claim against the City. To the extent Mayes seeks this relief, he raises issues outside the scope of whether Krause was entitled to a dismissal of the claim against him based on immunity, and thus we lack appellate jurisdiction to address these issues. *See Iverson v. Putnam*, No. 14-16-00416-CV, 2017 WL 1719100, at *2 (Tex. App.— Houston [14th Dist.] May 2, 2017, no pet.) (mem. op.); *Boozier v. Hambrick*, 846 S.W.2d 593, 596 (Tex. App.—Houston [14th Dist.] 1993, no writ).

In another part of his brief, Mayes indicates that if this court concludes that the trial court should have granted Krause's motion to dismiss, then Mayes requests that we remand this case to the trial court so that Mayes may be heard on a motion for new trial seeking to have the nonsuit of his claim against the City set aside and to have this claim reinstated. *See Wilkins v. McManemy*, No. 14-06-00876-CV, 2009 WL 838139, at *1, *5 (Tex. App.—Houston [14th Dist.] Mar. 31, 2009, pet. denied) (reviewing the trial court's denial of plaintiff's motion for new trial asking the trial court to vacate the voluntary dismissals of plaintiff's claims against two doctors and reinstate the claims against the doctors, in a case in which the plaintiff voluntarily dismissed the claims against the doctors after they filed motions to dismiss under section 101.106(f)) (mem. op.); *Griffin v. Miles*, 553

13

S.W.2d 933, 934–35 (Tex. Civ. App.—Houston [14th Dist.] 1977, writ dism'd) (reviewing the trial court's denial of plaintiffs' motion for new trial asking the trial court to set aside their nonsuit of claims against a doctor and to reinstate these claims). The record does not reflect that Mayes has yet sought this relief in the trial court. However, if the trial court had granted Krause's motion to dismiss, the trial court's order would have created a final judgment in this case, and Mayes would have had thirty days from the signing of the order granting Krause's motion to timely file any motion for new trial asking the trial court to set aside the non-suit order and reinstate Mayes's claim against the City. *See* Tex. R. Civ. P. 329b(a). In this context we conclude that a remand is necessary for further proceedings to allow Mayes an opportunity to file a motion seeking this relief in the trial court and obtain a ruling on it. *See* Tex. R. App. P. 43.3; *Courtland Building Co., Inc. v. Jalal Family P'ship, Ltd.*, 403 S.W.3d 265, 277 (Tex. App.—Houston [14th Dist.] 2012, no pet.). Therefore, rather than rendering judgment, we will reverse the trial court's order and remand this case on the terms stated below. *See* Tex. R. App. P. 43.3; *Courtland Building Co., Inc.*, 403 S.W.3d at 277.

## III. CONCLUSION

We have jurisdiction over this appeal under section 51.014(a)(5) of the Civil Practice and Remedies Code. For the reasons stated above, we conclude that the trial court erred in denying Krause's Rule 91a motion to dismiss, and we sustain Krause's sole issue. Therefore, we reverse the trial court's order and remand this case to the trial court with instructions to the trial court (1) to sign an order granting Krause's motion to dismiss and dismissing Mayes's negligence claim against Krause with prejudice; and (2) to consider the merits of any timely filed motion for new trial or other timely motion that Mayes may file asking the trial court to set aside the non-suit order and reinstate Mayes's negligence claim against

14

the City. We make no comment whatsoever on the propriety or merits of such a motion or such relief.

/s/    Randy Wilson
Justice

Panel consists of Chief Justice Christopher and Justices Poissant and Wilson (Poissant, J., concurring in the judgment only).