Terry R. ESPINOLA d/b/a Southern Security Associates, Southern Security Associates, Inc., and Harvey Lyman Evans, Appellants,

v.

Harold LATTING and Wanda Latting, Appellees.

No. 10–98–127–CV.

Court of Appeals of Texas, Waco.

June 10, 1998.

John C. Tollefson, Knox & Tollefson, Dallas, for appellants.

S. Craig Smith, Demarest, Smith, Jones, Giunta & Moore, PLL, Dallas, for appellees.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

## MEMORANDUM OPINION

PER CURIAM.

Appellees filed suit for injuries and damages allegedly suffered after their minivan was struck by a Ford Maverick as they were attempting to leave the parking lot of the apartment complex in which they reside. According to the record, the Maverick was being driven by a man whom Waco police officers were pursuing because they mistakenly believed he was a person wanted for aggravated robbery. Appellant Harvey Lyman Evans was a security officer employed by Appellant Southern Security Associates. Evans was patrolling a neighboring apartment complex at the time of the pursuit. According to Evan's deposition testimony, he shot at the Maverick with his handgun after perceiving that the suspect was extending from the window a "shiny object" which he believed to be a weapon. Moments later, the suspect's Maverick collided with Appellees' minivan.

Appellants filed a motion for summary judgment alleging that they are immune from civil liability because Evans had been commanded by a Waco police officer to assist in the pursuit.[1] Appellees responded with a motion for partial summary judgment on the immunity issue asserting that Evans joined the pursuit voluntarily rather than at the officer's command. The court denied both motions.

Generally, the denial of a motion for summary judgment is a non-appealable interlocutory order. *Novak v. Stevens*, 596 S.W.2d 848, 849 (Tex.1980); *Delta Air Lines, Inc. v. Norris*, 949 S.W.2d 422, 428 (Tex.App.— Waco 1997, writ denied). Appellants attempt to appeal from the trial court's interlocutory

1. Appellants' motion also alleges that there is no evidence that Evans' conduct was the cause-in- | fact of Appellees' injuries and damages. *See* TEX.R. CIV. P.166a(i).

order on the basis of section 51.014(a)(5) of the Civil Practice and Remedies Code, which provides that a person may appeal from an order that:

denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.

TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon Supp.1998).

Although Appellants assert immunity in their motion for summary judgment, they concede in the motion that Evans acted as a private citizen and not as an officer or employee of the Waco Police Department during the pursuit of the suspect. Thus, the provisions of section 51.014(a)(5) do not apply to the court's denial of their motion. *Cf. Gallia v. Schreiber,* 907 S.W.2d 864, 867 (Tex.App.—Houston [1st Dist.] 1995, no writ).

In *Gallia,* the appellee argued that the Houston court had no jurisdiction over the interlocutory appeal because Gallia was not an employee of a political subdivision at the time of the incident which gave rise to the underlying lawsuit. *Id.* The court held:

the issue of whether Gallia is actually an employee of the City of Shiner is relevant to determining whether the affirmative defense of official immunity is applicable. However, it is not determinative of whether Gallia may prosecute this appeal. Having invoked the defense of official immunity, Gallia is entitled to have this Court review the trial court's denial of his summary judgment on that issue.

*Id.*

The facts and holding of *Gallia* are distinguishable from the present case because the uncontroverted summary judgment evidence in *Gallia* reflected that Gallia was employed as a part-time police officer at the time of the occurrence. *Id.* at 869. The uncontroverted summary judgment evidence in this case reflects that Evans was not an officer or employee of the Waco Police Department at the time of the occurrence in question.

In conclusion, we hold that the provisions of section 51.014(a)(5) do not apply to a private citizen asserting immunity from suit on the basis that he was acting at the command or request of an officer or employee of the State or a political subdivision of the State.[2] Therefore, the summary judgment is interlocutory and not appealable. Accordingly, we dismiss this appeal for want of jurisdiction.

**2.** We express no opinion on the viability of Evan's claim of immunity.