**Mylus James WALKER, Jr. and Dinkins Kelly Lennox Lamb & Walker, LLP, Appellants,**

v.

**Dawn Johnson WHATLEY, Individually and as the Executrix of the Estate of Perry Lee Whatley, and Michael Easton, Appellees.**

No. 09–10–00285–CV.

Court of Appeals of Texas, Beaumont.

Submitted July 22, 2010.

Decided Aug. 5, 2010.

Kevin F. Risley, Thompson, Coe, Cousins & Irons, L.L.P., Houston, for appellants.

Brad Beers, L.T. "Butch" Bradt, Gary M. Riebschlager, Houston, Susan C. Norman, Richmond, for appellees.

Before McKEITHEN, C.J., KREGER and HORTON, JJ.

## OPINION

HOLLIS HORTON, Justice.

Mylus James Walker, Jr. and Dinkins Kelly Lennox Lamb & Walker, LLP ("Dinkins Kelly"),[1] Walker's law firm, filed a motion for summary judgment in which they claimed they were immune from the claims asserted in this suit. The trial court denied their motion. Walker and Dinkins Kelly then filed an interlocutory appeal, asking that we review the trial court's ruling.

After the appeal was filed, Dawn Johnson Whatley, Individually and as the Executrix of the Estate of Perry Lee Whatley, Deceased, and Michael Easton filed a motion to dismiss the appeals, contending that at this stage of the proceedings we have no jurisdiction over the appeal. Because we agree that at this stage of the proceeding we lack jurisdiction, we dismiss the appeal for want of jurisdiction.

### Background

In 2005, Honorable Mike Wood, acting as Judge of Probate Court No. 2 of Harris County, Texas, appointed Walker as temporary guardian, pending contest, for the person and estate of Perry Lee Whatley. Later, Judge Wood appointed Walker as the permanent guardian of Perry Lee Whatley's estate. In 2006, the Fourteenth Court of Appeals declared that the trial court's orders appointing Walker were void due to the existence of a recusal motion still pending against Judge Wood at the time Judge Wood had executed the orders. *In re Whatley*, No. 14–05–01222–CV, 2006 WL 2948230, \*\*3–4, 2006 Tex. App. LEXIS 8911, \*\*11–13 (Tex.App.-Houston [14th Dist.] Oct. 13, 2006, orig. proceeding) (mem. op.). Subsequently, Sun Life Assurance Company of Canada

---

1. We have used the spelling of the law firm's name used in the trial court's judgment, but the firm's name is Dinkins Kelly Lenox Lamb & Walker, LLP.

filed suit against Walker, requesting that he return the proceeds from Perry Lee Whatley's Sun Life annuity contract that Walker had obtained while he had acted as Whatley's guardian. Whatley and Easton then filed an intervention, and their intervention alleges various claims against Walker, Dinkins Kelly, Judge Wood, and others. Walker and his law firm, Dinkins Kelly, moved for summary judgment and alleged that they were entitled to derived judicial immunity based on Judge Wood's order that had appointed Walker to serve as Whatley's guardian. The trial court denied their motion.

### Jurisdiction

 Generally, appellate courts do not have jurisdiction over appeals that arise from a trial court's ruling to deny a party's motion for summary judgment. *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966); *Highlands Mgmt. Co. v. First Interstate Bank of Tex., N.A.,* 956 S.W.2d 749, 752 (Tex.App.-Houston [14th Dist.] 1997, pet. denied). An exception to this general rule exists when trial court's rulings involve a party who is an officer or employee of the state or a political subdivision of the state. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (Vernon 2008). Under section 51.014(a)(5) of the Texas Civil Practice and Remedies Code, a person may appeal from an interlocutory order of a district court that "denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state." *Id.*

Walker and Dinkins Kelly claim they are entitled to judicial immunity because they acted as Whatley's guardian based on orders entered by Judge Wood. Walker and Dinkins Kelly argue that under Texas law, "a person acting as guardian under an order of appointment that is later found to be void is entitled to the same protections afforded any guardian appointed under the Texas Probate Code." The trial court denied Walker and Dinkins Kelly's motion and they appeal.

After the case was appealed, Whatley and Easton filed a motion to dismiss Walker's and Dinkins Kelly's appeal. Their motion argues that the Legislature has not extended a right of interlocutory review through appeal to Walker and Dinkins Kelly because they are not government officials or employees or governmental agencies. Walker admits that he is neither an officer nor an employee of the state or a political subdivision of the state, and Dinkins Kelly acknowledges that it is not a governmental agency. Nevertheless, Walker and Dinkins Kelly assert that this Court has jurisdiction to hear their interlocutory appeals under section 51.014(a)(5) because their claim for immunity is based on judicial immunity that they derived from the acts of Judge Wood. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5). Thus, Walker and Dinkins Kelly maintain that a right of interlocutory appeal under section 51.014(a)(5) was intended by the Legislature to extend to persons other than State officials or State employees when the party is entitled to immunity that derives from the immunity of a State official or from that of a State employee. *See id.*

 The Legislature has the right to determine the point at which a matter becomes appealable. *See Seale v. McCallum,* 116 Tex. 662, 287 S.W. 45, 47 (1926) (concluding that "the principle is fixed that the Legislature has the power to limit the right of appeal"). Generally, interlocutory orders are not appealable in the absence of a statute authorizing an interlocutory appeal. *Stary v. DeBord,* 967 S.W.2d 352, 352–53 (Tex.1998). The subsections of sec-

tion 51.014, which authorize certain interlocutory appeals for governmental entities and their employees, are to be strictly construed. *Bally Total Fitness Corp. v. Jackson,* 53 S.W.3d 352, 355 (Tex.2001) (noting that section 51.014 is a "narrow exception to the general rule that only final judgments and orders are appealable"). With respect to section 51.014's reach, the statute is unambiguous, as it expressly applies only to officers or employees of the state or a political subdivision of the state. We must give effect to the plain meaning of the statute. *See Leland v. Brandal,* 257 S.W.3d 204, 206 (Tex. 2008) ("If the statute's language is unambiguous, its plain meaning will prevail.").

Walker and Dinkins Kelly are not officers or employees of the State of Texas. Even if they are later determined to be entitled to immunity based on their claim that they acted pursuant to Judge Wood's orders, a matter we need not decide, they are not state employees or officials for purposes of an interlocutory appeal under section 51.014(a)(5). Therefore, we have no jurisdiction over their appeal at this stage of the proceedings under section 51.014(a)(5) of the Texas Civil Practice and Remedies Code. *See Xeller v. Locke,* 37 S.W.3d 95, 97 (Tex.App.-Houston [14th Dist.] 2000, pet. denied); *Espinola v. Latting,* 971 S.W.2d 144, 145 (Tex.App.-Waco 1998, no pet.); *see also Tex. A & M Univ. v. Koseoglu,* 233 S.W.3d 835, 841–43 (Tex. 2007) (comparing sections 51.014(a)(5), 51.014(a)(6), and 51.014(a)(8) and stating that "there is no other way to read Section 51.014(a)(5) than to conclude that only an 'individual who is an officer or employee of the state or a political subdivision of the state' may appeal an interlocutory order denying a motion for summary judgment").

We hold that section 51.014(a)(5) does not authorize Walker or Dinkins Kelly's interlocutory appeal from the trial court's ruling on their motion for summary judgment. We dismiss Walker and Dinkins Kelly's appeal for want of jurisdiction.

APPEAL DISMISSED.